**The STATE of Ohio, Appellee,**

v.

**PASQUA, Appellant.**

[Cite as *State v. Pasqua,* 157 Ohio App.3d 427, 2004-Ohio-2992.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030133.

Decided June 11, 2004.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

H. Fred Hoefle, for appellant.

Sundermann, Presiding Judge.

{¶ 1} Defendant-appellant Vincent Pasqua appeals from the trial court's denial of his petition for reclassification pursuant to R.C. 2950.09(F)(2). For the following reasons, we reverse the trial court's judgment.

{¶ 2} On December 2, 2002, Pasqua pleaded guilty to two counts of child molestation, both of which were class A misdemeanors, in the Circuit Court of Iron County, Missouri.[1] Under Missouri law, Pasqua was required to register for life and to verify his address on a quarterly basis.[2] When Pasqua relocated to Ohio on December 12, 2002, he presented himself to the Hamilton County Sheriff's Department, where he was automatically classified as a sexual predator.[3]

{¶ 3} On January 8, 2003, Pasqua filed a petition pursuant to R.C. 2950.09(F) asking the common pleas court to determine that he was not a sexual predator in Ohio for purposes of the registration and notification requirements in R.C. Chapter 2950. On February 7, 2003, the trial court held a hearing on Pasqua's petition. During the hearing, Pasqua's counsel argued that Ohio's classification of Pasqua as a sexual predator denied him due process of law. Pasqua's counsel reasoned that because Ohio law does not intend to classify misdemeanor defendants such as Pasqua as sexual predators, and because Pasqua could have demonstrated that he would not have met Ohio's definition of a sexual predator under R.C. 2950.09, Ohio's classification of him as a sexual predator violated his rights to notice and a hearing under the Due Process Clause of the United States

---

1. Mo.Rev.Stat. 566.068 provides that "[a] person commits the crime of child molestation in the second degree if he or she subjects another person who is less than seventeen years of age to sexual contact."

2. Mo.Rev.Stat. 589.400 states that the registration requirements of Sections 589.400 through 589.425 are lifetime registration requirements that apply to "[a]ny person who, since July 1, 1979, has been or is hereafter convicted of, been found guilty of, or pled guilty to committing * * * any offense of chapter 566 RSMO, where the victim is a minor * * *."

3. Mo.Rev.Stat. 589.414 required Pasqua, when moving to another jurisdiction, to appear in person and inform of his new address within ten days both the chief law enforcement official with whom he was last registered and the chief law enforcement official of the area in the new state having jurisdiction over the new residence or address. R.C. 2950.09(A) provided that "[i]f a person is convicted of, pleads guilty to, or is adjudicated a delinquent child for committing, a sexually oriented offense in another state * * * and if, as a result of that conviction, plea of guilty, or adjudication, the person is required, under the law of the jurisdiction in which the person was convicted, pleaded guilty, or was adjudicated, to register as a sex offender until the person's death and is required to verify the person's address on at least a quarterly basis each year, that conviction, plea of guilty, or adjudication automatically classifies the person as a sexual predator for the purposes of this chapter, but the person may challenge that classification pursuant to division (F) of this section."

Constitution. Pasqua further contended that the trial court was required under R.C. 2950.09(F)(2) to compare Ohio's categories of sex offenders with Missouri's requirements to determine whether he was a sexual predator in Ohio.

{¶ 4} The state argued, on the other hand, that Ohio's classification of Pasqua as a sexual predator was not violative of his due-process rights. The state contended that because R.C. 2950.09(F)(2) requires a trial court to compare only registration requirements, not the substantive level of the offenses, and because Missouri's reporting requirements for sexual predators were similar to Ohio requirements, Pasqua could not demonstrate that he had been improperly classified as a sexual predator.

{¶ 5} On February 11, 2003, the trial court issued a decision in which it denied Pasqua's petition. The trial court held that adopting Pasqua's construction of R.C. 2950.09(F)(2) would be a "recipe for problems." The trial court was concerned that should it adopt Pasqua's proposed analysis, sexual predators would be able to escape reporting requirements by merely traveling to Ohio and using different terminology to describe a "sexually oriented offense." This, the trial court stated, would grossly undermine states' enforcement of their registration requirements. Consequently, the trial court determined that a plain reading of R.C. 2950.09(F)(2) required it to compare Ohio's registration requirements for sexual predators with Missouri's registration requirements. Because Ohio law required sexual predators to register for life and to verify their address on at least a quarterly basis, and because Missouri likewise required Pasqua to register for life and to register his address every 90 days, the trial court concluded that Pasqua had not proved by clear and convincing evidence that he was not a sexual predator. As a result, the trial court denied his petition.

{¶ 6} On appeal, Pasqua now raises three assignments of error. In his first and second assignments of error, Pasqua contends that the trial court's denial of his reclassification petition under R.C. 2950.09(F)(2) deprived him of due process of law and further constituted cruel and unusual punishment. In his third assignment of error, Pasqua contends that because the sheriff's office, as an arm of the executive branch, is initially responsible for classifying out-of-state offenders as sexual predators, rather than the trial court, which is a part of the judicial branch, the separation-of-powers doctrine has been violated.

{¶ 7} Before addressing Pasqua's assignments of error, we must initially determine which section of R.C. 2950.09 applied to Pasqua's petition. Effective July 31, 2003, the General Assembly amended R.C. 2950.09.[4] Under the amendments relevant here, the legislature expanded the category of persons who are subject to registration under R.C. 2950.09(A) based upon a non-Ohio conviction to

---

4. See Section 1, 2003 Am.Sub.S.B. No. 5.

include persons convicted in courts of foreign countries. The amendments further deleted the portion of R.C. 2950.09(A) that required the non-Ohio jurisdiction to subject the offender to verification of his address on at least a quarterly basis each year. With respect to R.C. 2950.09(F)(2), the amendments retained the trial court's authority under R.C. 2950.09(F)(2) to remove a sexual-predator classification automatically made under R.C. 2950.09(A), but required the trial court to provide findings of fact and conclusions of law if it determined that an out-of-state offender was not a sexual predator under Ohio law.

{¶ 8} Because Pasqua's application and the trial court's decision regarding his application occurred prior to the effective date of 2003 Am.Sub.S.B. No. 5, the amended version of R.C. 2950.09 would apply only if the legislature had intended it to have retroactive application.[5] There is no language in amended R.C. 2950.09(F) that provides for retroactive application. Rather, Section 1, Am.Sub. S.B. No. 5 provides that the amendments do not become effective until July 31, 2003. Even if we were to assume arguendo that the amendments to R.C. 2950.09(F) applied retrospectively, the amendments made no changes to the statute that would have altered Pasqua's substantive rights.[6] Pasqua was still afforded the right to challenge his automatic classification under the newly amended R.C. 2950.09(F)(2). Because the legislature did not intend for the amendments to R.C. 2950.09(F) to apply retrospectively, and because the amendments do not change the substance of the statute as it applied to Pasqua's petition, we consider Pasqua's arguments under the version of R.C. 2950.09 in effect at the time he filed his petition, 2002 Sub.H.B. No. 393.

{¶ 9} In his first and second assignments of error, Pasqua contends that because the crucial factor in Ohio for determining an offender's classification as a sexual predator is the offender's likelihood of engaging in the future in one or more sexually oriented offenses, the trial court was obligated under R.C. 2950.09(F) to determine for itself whether he was likely to commit sex offenses in the future. Pasqua contends that because he was labeled as a sexual predator without the benefit of an evidentiary hearing, as contemplated by R.C. 2950.09(F)(2), he was denied his due-process rights under the Ohio and United States Constitutions. We agree.

{¶ 10} The version of R.C. 2950.09 that was in effect at the time Pasqua sought reclassification provided as follows:

---

5. See R.C. 1.48; *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 14.

6. See *State v. Cook* (1998), 83 Ohio St.3d 404, 410, 700 N.E.2d 570; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489.

{¶ 11} "(A) * * * If a person * * * pleads guilty to * * * committing, a sexually oriented offense in another state * * * and if, as a result of that * * * plea of guilty * * * the person is required, under the law of the jurisdiction in which the person * * * pleaded guilty * * * to register as a sex offender until the person's death and is required to verify the person's address on at least a quarterly basis each year, that * * * plea of guilty * * * automatically classifies the person as a sexual predator for the purposes of this chapter, but the person may challenge that classification pursuant to division (F) of this section * * *."

{¶ 12} R.C. 2950.09(F) provided the following:

{¶ 13} "(1) An offender * * * classified as a sexual predator may petition the court of common pleas * * * of the county in which the offender * * * resides or temporarily is domiciled to enter a determination that the offender * * * is not an adjudicated sexual predator in this state for purposes of the sex offender registration requirements of this chapter or the community notification provisions contained in section 2950.10 and 2950.11 of the Revised Code if all of the following apply:

{¶ 14} "(a) The offender * * * pleaded guilty to * * * a sexually oriented offense in another state * * *.

{¶ 15} "(b) As a result of the * * * plea of guilty * * * described in division (F)(1)(a) of this section, the offender * * * is required under the law of the jurisdiction under which the offender * * * pleaded guilty * * * to register as a sex offender until the offender's * * * death and is required to verify the offender's * * * address on at least a quarterly basis each year.

{¶ 16} "(c) The offender * * * was automatically classified as a sexual predator under division (A) of this section in relation to the * * * guilty plea * * * described in division (F)(1)(a) of this section.

{¶ 17} "(2) The *court may enter a determination* that the offender * * * filing the petition described in division (F)(1) of this section is *not an adjudicated sexual predator in this state* for purposes of the sex offender registration requirements of this chapter * * * *only if* the offender * * * proves by *clear and convincing evidence* that the *requirement of the other jurisdiction* that the offender * * * register as a sex offender until the offender's * * * death and the requirement that the offender * * * verify the offender's * * * address on at least a quarterly basis each year is *not substantially similar to a classification as a sexual predator* for purposes of this chapter." (Emphasis added.)

{¶ 18} The Ohio Supreme Court has held that when "construing a statute, courts have an obligation to give effect to the intention of the General Assembly.

In determining legislative intent, courts must first look to the plain language of the statute." (Citations omitted.)[7]

{¶ 19} If the meaning of the statute is ascertainable from the language used and the words are free from ambiguity, then the court need not resort to interpretation.[8] Furthermore, R.C. 1.42 provides that "[w]ords and phrases [in a statute] shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

{¶ 20} A plain reading of R.C. 2950.09(A) indicates that those offenders from other states who (1) have committed or pleaded guilty to one or more sexually oriented offenses and (2) are required under those states' laws to register as sex offenders until their death and to verify their address on at least a quarterly basis each year are automatically classified as sexual predators under Ohio law. The term "sexually oriented offense" is defined in R.C. 2950.01(D)(1)(e) as including "a violation of * * * law of another state * * * that is or was *substantially equivalent* to any offense listed in division (D)(1)(a), (b), (c) or (d) of this section." (Emphasis added.)

{¶ 21} R.C. 2950.09(F)(1) further provides that those out-of-state offenders who (1) have committed a sexually oriented offense, (2) must register, as a result of that offense, as a sex offender until their death and verify their address on at least a quarterly basis each year, and (3) have automatically been classified as sexual predators under R.C. 2950.09(A) may petition the common pleas court where they reside for removal of the automatic classification. R.C. 2950.09(F)(2) provides that the trial court may enter a determination that an out-of-state offender is not a sexual predator in Ohio only if the out-of-state offender proves by clear and convincing evidence that the other state's lifetime registration and quarterly address-verification requirements are *"not substantially similar to a classification as a sexual predator [in Ohio] * * *."* (Emphasis added.)

{¶ 22} Thus, a reading of the statutory scheme as a whole makes it clear that when an out-of-state offender challenges his classification under R.C. 2950.09(F), the trial court must first determine whether the sexually oriented offense in the other state is substantially equivalent to one of the offenses in R.C. 2905.01(D)(1)(a), (b), (c), or (d). If the offense is similar, then the offender is

---

7. *Basic Distrib. Corp. v. Ohio Dept. of Taxation* (2002), 94 Ohio St.3d 287, 291, 762 N.E.2d 979.

8. *Key Serv. Corp. v. Zaino* (2002), 95 Ohio St.3d 11, 14, 764 N.E.2d 1015.

entitled to a hearing where he has the burden of showing by clear and convincing evidence that he is not likely to commit a sexually oriented offense in the future.

{¶ 23} Were we to follow the trial court's interpretation that R.C. 2950.09(F) merely requires a comparison of the two states' reporting requirements, the language in R.C. 2950.09(F)(2) would be rendered meaningless. Clearly, the General Assembly could not have intended such a result, especially given the fact that it recently amended R.C. 2950.09(F)(2) to require a trial court to make findings of fact and conclusions of law when determining the classification of out-of-state offenders. This amendment supports Pasqua's argument that the legislature intended that out-of-state offenders seeking removal of the automatic classification in R.C. 2950.09(A) receive an evidentiary hearing.

{¶ 24} Moreover, the trial court's interpretation of R.C. 2950.09(F)(2) does not comport with Ohio's statutory system of classification under R.C. Chapter 2950. Both R.C. 2950.09(B) and (C) require a classification hearing before an Ohio offender is labeled as a sexual predator. Ohio courts, including this court, have held that R.C. 2950.09(B) and (C) fully comport with procedural due process because both sections give effect to an offender's right to a hearing with notice and an opportunity to be heard.[9] Both the legislature and the Ohio Supreme Court have determined that this hearing process is necessary because whether an offender is a sexual predator turns upon whether that offender is likely to commit sexually oriented offenses in the future, which is, in turn, a fact-based determination.[10] Therefore, classifying out-of-state offenders such as Pasqua as sexual predators on the basis of their reporting requirements alone would not advance the stated purpose of R.C. Chapter 2950, which is to label only those offenders who have the greatest likelihood of committing sexually oriented offenses in the future.[11]

{¶ 25} Pasqua next contends that Ohio's imposition of reporting requirements upon out-of-state offenders like himself constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. But because Pasqua did not raise this argument below, we need not address its merits on appeal.[12] Because we have concluded that the trial court erred in

---

9. See *State v. Lee* (1998), 128 Ohio App.3d 710, 716, 716 N.E.2d 751; *State v. Lance* (Feb. 13, 1998), 1st Dist. Nos. C–970301, C–970282, and C–970283, 1998 WL 57359.

10. *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881; *State v. Ward* (1999), 130 Ohio App.3d 551, 720 N.E.2d 603; *State v. Hicks* (1998), 128 Ohio App.3d 647, 650, 716 N.E.2d 279.

11. R.C. 2950.02(A)(2).

12. See *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus.

interpreting R.C. 2950.09(F)(2) and did not provide Pasqua with the due process afforded him thereunder, we sustain his first and second assignments of error.

{¶ 26} In his third assignment of error, Pasqua argues that R.C. 2950.09(A) is unconstitutional because it violates the separation of powers between the judicial and executive branches of the state government. Pasqua contends that because county sheriffs are given the initial responsibility under R.C. 2950.09(A) for determining whether an out-of-state offender is a sexual predator, R.C. 2950.09(A) usurps the judiciary's power to make that determination. Pasqua further contends that R.C. 2950.09(F)(2), which affords out-of-state offenders an opportunity to challenge their classification in the common pleas court, cannot cure the unconstitutionality of the original classification by the sheriff. Because Pasqua did not raise this argument before the trial court, he has waived the issue, and we need not address it on appeal.[13] We, therefore, overrule his third assignment of error.

{¶ 27} Because we have concluded that the trial court misread R.C. 2950.09(F)(2) and did not afford Pasqua the procedural due process he was entitled to thereunder, we reverse the trial court's judgment and remand this cause for further proceedings in accordance with this opinion and the law.

Judgment reversed<br>and cause remanded.

HILDEBRANDT and WINKLER, JJ., concur.