[Cite as *State v. Forsythe*, 2013-Ohio-3301.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2012CA00225 |
| | : | |
| JAMES FORSYTHE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                             Common Pleas, Case No. 2008CR0615

JUDGMENT:                    REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      July 15, 2013

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JOHN D. FERRERO                            TAMMI R. JOHNSON
STARK COUNTY PROSECUTOR                    Stark County Public Defender Office
                                           201 Cleveland Ave. SW, Suite 104
KATHLEEN O. TATARSKY                       Canton, OH 44702
110 Central Plaza, South – Suite 510
Canton, OH 44702-1413

*Delaney, J.*

{¶1}   Defendant/Petitioner-Appellant James Forsythe appeals the November 5, 2012 judgment entry (December 5, 2012 nunc pro tunc judgment entry) of the Stark County Court of Common Pleas.  Plaintiff/Respondent-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   In 1995, Forsythe was convicted of one count of a lewd act upon a child in violation of California penal code section 288(a) and one count of oral copulation of a person under age 14 in violation of California penal code section 288(a)(c).  The California court sentenced Forsythe to five years in prison.  Forsythe was released from prison and placed on parole for three years.  Under California law, Forsythe had a lifetime requirement to register his residence and an annual duty, within five working days of his birthday, to update his registration information.  Cal. Penal Code § 290.  If Forsythe moved, he was required to register in any state he was located within 10 days with the law enforcement agency having jurisdiction over his location.

{¶3}   Forsythe moved to Ohio in 2002.  He first registered his address with the Stark County Sheriff on January 23, 2003.  The Stark County Sheriff's Department classified Forsythe as a sexually oriented offender.  The H.B. No. 393 version of Megan's Law in effect on January 23, 2003 stated as follows:

(A) * * * If a person is convicted of, pleads guilty to, or is adjudicated a

delinquent child for committing, a sexually oriented offense in another

state, or in a federal court, military court, or an Indian tribal court and if, as

a result of that conviction, plea of guilty, or adjudication, *the person is*

*required, under the law of the jurisdiction in which the person was*

*convicted, pleaded guilty, or was adjudicated, to register as a sex offender until the person's death and is required to verify the person's address on at least a quarterly basis each year, that conviction, plea of guilty, or adjudication automatically classifies the person as a sexual predator for the purposes of this chapter*, but the person may challenge that classification pursuant to division (F) of this section. In all other cases, a person who is convicted of or pleads guilty to, has been convicted of or pleaded guilty to, or is adjudicated a delinquent child for committing, a sexually oriented offense may be classified as a sexual predator for purposes of this chapter only in accordance with division (B) or (C) of this section or, regarding delinquent children, divisions (B) and (C) of section 2152.83 of the Revised Code.

R.C. 2950.09(A), effective July 5, 2002 (emphasis added).

{¶4} On May 29, 2007, Forsythe was indicted for failure to provide written notice of a change of address, a felony of the third degree in violation of R.C. 2950.05(A)(E)(1). Forsythe pleaded guilty and was sentenced to three years of community control. His conviction and sentence were affirmed by this Court in *State v. Forsythe*, 5th Dist. No. 2007CA00226, 2008-Ohio-4881.

{¶5} On November 27, 2007, the Ohio Attorney General reclassified Forsythe as a Tier II Sex Offender pursuant to the Adam Walsh Act, R.C. 2950.01 *et seq.*, effective January 1, 2008. Forsythe filed a petition challenging the reclassification on January 31, 2008. In 2010, the Ohio Supreme Court decided *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. The Court held the reclassification

provisions of the Adam Walsh Act, which required the attorney general to reclassify sex offenders who have already been classified by court order under Megan's Law, were unconstitutional. The Court severed the reclassification provisions and held those provisions could not be enforced. It further held those provisions may not be applied to offenders previously adjudicated by judges under Megan's Law and reinstated the classifications and community-notification and registration orders imposed previously. *Id.* In 2012, the Ohio Attorney General reclassified Forsythe as a sexual predator under Megan's Law.

{¶6} On August 30, 2012, Forsythe filed a "Motion to Exempt Petitioner from Sexual Predator Classification." In his motion, he stated the version of Megan's Law in effect at the time of Forsythe's initial registration in Ohio had a lifetime registration requirement and quarterly verification of address. At the time of Forsythe's conviction in California, California law required a lifetime registration with annual address verification. Forsythe argued in his petition to the trial court that after the repeal of the reclassification provisions of the AWA, the State of Ohio lacked legal authority to classify Forsythe as a sexual predator under the S.B. 5 version of R.C. 2950.09(A). He should instead be classified as a sexually oriented offender under the H.B. 393 version of R.C. 2950.09(A).

{¶7} Forsythe next argued in his motion that if the trial court determined Megan's Law applied to Forsythe, he requested the trial court to make a determination under R.C. 2950.09(F)(2) that he was not an adjudicated sexual predator in the State of Ohio for purposes of registration.

{¶8}  The State responded to the motion stating the applicable Megan's Law is S.B. No. 5, effective July 31, 2003.  R.C. 2950.09(A) states:

(A) If a person is convicted, pleads guilty, or adjudicated a delinquent child, in a court in another state, in a federal court, military court, or Indian tribal court, or in a court of any nation other than the United States for committing a sexually oriented offense that is not a registration-exempt sexually oriented offense, and *if, as a result of that conviction, plea of guilty, or adjudication, the person is required, under the law of the jurisdiction in which the person was convicted, pleaded guilty, or was adjudicated, to register as a sex offender until the person's death, that conviction, plea of guilty, or adjudication automatically classifies the person as a sexual predator for the purposes of this chapter,* but the person may challenge that classification pursuant to division (F) of this section. In all other cases, a person who is convicted of or pleads guilty to, has been convicted of or pleaded guilty to, or is adjudicated a delinquent child for committing, a sexually oriented offense may be classified as a sexual predator for purposes of this chapter only in accordance with division (B) or (C) of this section or, regarding delinquent children, divisions (B) and (C) of section 2152.83 of the Revised Code.

R.C. 2950.09 (emphasis added).   Effective July 31, 2003, the General Assembly amended R.C. 2950.09.   Under the amendments relevant here, the legislature expanded the category of persons who are subject to registration under R.C. 2950.09(A) based upon a non-Ohio conviction to include persons convicted in courts of

foreign countries. The amendments further deleted the portion of R.C. 2950.09(A) that required the non-Ohio jurisdiction to subject the offender to verification of his address on at least a quarterly basis each year.

{¶9} The State further argued the California offenses for which Forsythe was convicted were substantially equivalent to the offense of rape under Ohio law and therefore sexual predator was the proper classification.

{¶10} The trial court originally ruled on the motion on November 5, 2012 and issued a nunc pro tunc judgment entry on December 5, 2012. The judgment entry held that for the reasons stated in the State's response to Forsythe's motion, the trial court overruled the motion. It further stated, "As articulated in the response of the State of Ohio, the criminal conduct of the defendant in California was substantially equivalent to the offense of rape under Ohio law and the lifetime registration requirement placed by the state of California leads to the conclusion that the sexual predator designation in the State of Ohio is appropriate."

{¶11} It is from this decision Forsythe now appeals.

**ASSIGNMENT OF ERROR**

{¶12} Forsythe raises one Assignment of Error:

{¶13} "THE TRIAL COURT ERRED IN FINDING APPELLANT A SEXUAL PREDATOR WITHOUT HOLDING A HEARING IN VIOLATION OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

**ANALYSIS**

{¶14} Forsythe argues in his Assignment of Error the trial court erred in finding he was a sexual predator without holding a hearing. After the Attorney General's reclassification of Forsythe as a sexual predator after the repeal of the AWA, Forsythe filed a petition in the trial court to challenge his automatic classification under R.C. 2950.09(F). In his petition, he argued the S.B. 5 version of R.C. 2950.09(A) was not applicable to him upon the repeal of the AWA; in the alternative, Forsythe argued he was not an adjudicated sexual predator in Ohio pursuant to R.C. 295009(F).

{¶15} In *Bodyke, supra*, the Ohio Supreme Court held that the reclassification provisions in the AWA, R.C. 2950.031 and 2950.032, were unconstitutional and severed them from the AWA. *Id.,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, paragraphs two and three of the syllabus and ¶ 66. *Bodyke* reinstated the classifications and community-notification and registration orders imposed previously by judges upon sex offenders originally classified under Megan's Law. *Id.* at ¶ 66.

{¶16} In the present case, Forsythe was originally classified pursuant to court order by the State of California. When Forsythe came to Ohio, Forsythe was subject to automatic classification under R.C. 2950.09(A), H.B. 393. A judge in the State of Ohio has not imposed a classification, community-notification, and registration order upon Forsythe. Upon the repeal of the reclassification provisions of the AWA, Forsythe was automatically classified under the version of Megan's Law in effect at the time, R.C. 2950.09(A), as amended by S.B. 5.

{¶17} We find the correct vehicle for Forsythe as an out-of-state offender to challenge his classification as a sexual predator is through R.C. 2950.09(F), as amended by S.B. 5. R.C. 2950.09(F) states:

(F)(1) An offender or delinquent child classified as a sexual predator may petition the court of common pleas * * * of the county in which the offender * * * resides or temporarily is domiciled to enter a determination that the offender * * * is not an adjudicated sexual predator in this state for purposes of the registration and other requirements of this chapter or the community notification provisions contained in sections 2950.10 and 2950.11 of the Revised Code if all of the following apply:

(a) The offender * * * was convicted of, pleaded guilty to, or was adjudicated a delinquent child for committing, a sexually oriented offense that is not a registration-exempt sexually oriented offense in another state, in a federal court, a military court, or Indian tribal court, or in a court of any nation other than the United States.

(b) As a result of the conviction, plea of guilty, or adjudication described in division (F)(1)(a) of this section, the offender * * * is required under the law of the jurisdiction under which the offender * * * was convicted, pleaded guilty, or was adjudicated to register as a sex offender until the offender's * * * death.

(c) The offender * * * was automatically classified a sexual predator under division (A) of this section in relation to the conviction, guilty plea, or adjudication described in division (F)(1)(a) of this section.

(2) The court may enter a determination that the offender * * * filing the petition described in division (F)(1) of this section is not an adjudicated sexual predator in this state for purposes of the registration and other requirements of this chapter or the community notification provisions contained in sections 2950.10 and 2950.11 of the Revised Code only if the offender * * * proves by clear and convincing evidence that the requirement of the other jurisdiction that the offender * * * register as a sex offender until the offender's or * * * death is not substantially similar to a classification as a sexual predator for purposes of this chapter. If the court enters a determination that the offender * * * is not an adjudicated sexual predator in this state for those purposes, the court shall include in the determination a statement of the reason or reasons why it so determined.

R.C. 2950.09(F).

{¶18} If an out-of-state offender challenges his or her classification under R.C. 2950.09(F), the trial court must first determine whether the sexually oriented offense in the other state is substantially equivalent to one of the requisite Ohio offenses. *State v. Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, ¶ 22 (1st.Dist.); *State v. McMullen*, 8th Dist. Nos. 97475, 97476, 2012-Ohio-2629, ¶ 21. Under R.C. 2950.09(F)(2), the offender must show by clear and convincing evidence that the registration requirement is not substantially similar. The Ohio Supreme Court in *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, established a "substantial-equivalence test:"

We conclude that in order to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, a court must initially look only to the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts disclosed by the record of conviction. If the out-of-state statute defines the offense in such a way that the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, a court may go beyond the statutes and rely on a limited portion of the record in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute. To do so, courts are permitted to consult a limited range of material contained in the record, including charging documents, plea agreements, transcripts of plea colloquies, presentence reports, findings of fact and conclusions of law from a bench trial, jury instructions and verdict forms, or some comparable part of the record.

*Id.* at ¶ 31.

{¶19} The First District Court of Appeals in *State v. Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, ¶ 22 (1st.Dist.) found that under a R.C. 2950.09(F) petition analysis, if the trial court determines the offense to be similar, the offender is entitled to a hearing where he or she has the burden of showing by clear and convincing evidence that he or she is not likely to commit a sexually oriented offense in the future. *Id.* at ¶ 22. The Eighth District Court of Appeals followed *Pasqua* in *State v. McMullen*, 8th Dist. Nos. 97475, 97476, 2012-Ohio-2629, ¶ 21, *appeal not allowed*, 133

Ohio St.3d 1464, 2012-Ohio-5149, 977 N.E.2d 693. The Eighth District held that in a R.C. 2950.09(F) proceeding, if the trial court finds the offense to be similar, the offender is entitled to a hearing where he or she has the burden of showing by clear and convincing evidence that he is not likely to commit a sexually oriented offense in the future. *Id*. at ¶ 21.

{¶20} In the present case, the trial court found the offenses for which Forsythe was convicted of in California to be similar to Ohio offenses. The trial court made its decision based on the motions and did not hold a hearing. Pursuant to the persuasive authority of *Pasqua* and *McMullen*, once the trial court found the offenses to be similar, the trial court must hold an evidentiary hearing for Forsythe to prove by clear and convincing evidence that he is not likely to commit a sexually oriented offense in the future.

{¶21} We sustain Forsythe's Assignment of Error and reverse the November 5, 2012 judgment entry (December 5, 2012 nunc pro tunc judgment entry) of the trial court. The trial court shall hold a hearing on Forsythe's R.C. 2950.09(F) petition pursuant to the guidelines of *Pasqua* and *McMullen*.

**CONCLUSION**

{¶22} The sole Assignment of Error of Defendant-Petitioner/Appellant James Forsythe is sustained.

{¶23} The judgment of the Stark County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.

 

HON. PATRICIA A. DELANEY

 

HON. JOHN W. WISE

 

HON. CRAIG R. BALDWIN