[Cite as *State v. Reynolds*, 2014-Ohio-5159.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140096 |
| | | TRIAL NO. SP-1300001 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| IAN REYNOLDS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 21, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bleile, Witte & Lape* and *Stephenie N. Lape,* for Defendant-Appellant.



Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1} Defendant-appellant Ian Reynolds appeals the judgment of the Hamilton County Court of Common Pleas denying his motion to remove a sexual-predator classification.

### The Washington Conviction and Sex-Offender Classification

{¶2} In 2006, Reynolds entered a guilty plea to one count of assault in the second degree with a sexual motivation in the state of Washington. As part of the plea proceedings, the state submitted a document styled "Certification for Determination of Probable Cause." Reynolds stipulated that the document, which had been prepared by a detective with the Seattle Police Department, provided the factual basis for the second-degree-assault offense.

{¶3} According to the detective, Reynolds had gotten into an argument with the victim, who was his ex-girlfriend, at the residence they continued to share. At some point, Reynolds complained that the victim had withheld sex. Reynolds forcibly removed her pants and underwear and threw her on their bed, stating, "We're going to do this; you've held out on me too long."

{¶4} The victim screamed and attempted to leave the apartment, but Reynolds restrained her. He pulled out a large portion of the victim's hair and bit her on the arm. When a neighbor tried to enter the apartment, Reynolds bit down on the victim's ear, biting off a portion of the ear and causing permanent disfigurement. After his arrest, Reynolds explained his actions by stating that he suffered from a mental illness.

{¶5} The offense for which Reynolds was convicted carried a potential sentence of life imprisonment. As a result of the conviction, Reynolds was also

classified as a level 1 sex offender and was required to verify his address with Washington authorities on an annual basis for an indefinite period of time.

{¶6} In 2013, Reynolds moved to Ohio. After learning that he would be classified as a sexual predator by operation of law, he filed a motion to remove the classification under former R.C. 2950.09. The trial court denied the motion, and Reynolds appealed.

### Sexually-Oriented Offenses under Ohio Law

{¶7} In his first assignment of error, Reynolds argues that the trial court erred in determining that he had a duty to register as a sex offender under Ohio law. Because Reynolds was convicted of the offense in 2006, the parties have stipulated that the version of Megan's Law in effect in Ohio at that time is controlling.

{¶8} Under former R.C. 2950.09(A), an out-of-state sex offender's conviction was required to fall within the statutory definition of a sexually-oriented offense for the offender to be classified as a sexual predator or to be required to register as a sex offender in Ohio. When an out-of-state offender challenges his sexual-predator classification or duty to register under the Ohio Revised Code, the trial court must first determine whether the offense in the other state is substantially equivalent to one of the sexually-oriented offenses listed in R.C. 2950.01(D). *See State v. Pasqua,* 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601 (1st Dist.), ¶ 22.

{¶9} If the offense is not substantially equivalent to one of the listed statutes, the sexual-predator classification and duty to register cannot stand. *Phan v. Leis,* 1st Dist. Hamilton No. C-050842, 2006-Ohio-5898, ¶ 12. But if the offense is substantially similar, the offender is entitled to a hearing at which he has the burden of demonstrating by clear and convincing evidence that he is not likely to commit a future sexually-oriented offense. *Pasqua* at ¶ 22.

{¶10}     To determine whether an out-of-state offense is substantially similar to an offense requiring registration in Ohio, a court must first examine only the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts of the offender's conviction. *State v. Lloyd,* 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, ¶ 31. If the out-of-state statute defines the offense in such a way that the court cannot determine from comparing the elements whether the crimes are substantially equivalent, the court may then go beyond the statutes and review a limited portion of the record "in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute." *Id.* In going beyond the statutory elements, a court may review "a limited range of material contained in the record, including charging documents, plea agreements, transcripts of plea colloquies, presentence reports * * * or some comparable part of the record." *Id.*

{¶11}     Reynolds was convicted of assault in the second degree under Wash.Rev.Code 9A.36.021(1)(a), which provided that "[a] person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree * * * [i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm." Wash.Rev.Code 9A.36.021(2)(b) further provided that "[a]ssault in the second degree with a finding of sexual motivation * * * is a class A felony."

{¶12}     At the time of Reynolds's conviction in Washington, felonious assault with a sexual motivation was one of the listed sexually-oriented offenses in Ohio. R.C. 2950.01(D)(1)(c). There was no provision in Ohio for misdemeanor assault with a sexual motivation, and simple assault was not classified as a sexually-oriented offense. The state contends that the Washington offense was akin to

4

felonious assault with a sexual motivation, while Reynolds argues that the Washington crime was more closely aligned with misdemeanor assault.

{¶13}    Ohio's felonious-assault statute, R.C. 2903.11(A)(1), provides that "[n]o person shall knowingly * * * cause serious physical harm to another * * *." R.C. 2903.13(B), governing misdemeanor assault, states that "[n]o person shall recklessly cause serious physical harm to another * * *."

{¶14}    Reynolds concedes that the term "substantial bodily harm" in the Washington statute is substantially equivalent to Ohio's "serious physical harm." But he contends that the mens rea requirement of recklessness in the Washington law does not align with the element that the defendant act knowingly in Ohio's felonious-assault statute. He maintains that, since both the Washington statute and the Ohio simple-assault statute require proof of recklessness, the two statutes are substantially similar, and there was no requirement that he register as a sex offender in Ohio.

{¶15}    We are not persuaded by this argument. As the state correctly notes, the Washington statute embodies *two* mens rea elements. The statute requires proof of both intent and recklessness: it requires that the defendant act intentionally with respect to the assault itself but only recklessly with respect to the harm that was caused. In light of this dual standard in the Washington statute, this case presents one of those instances in which the mere comparison of elements does not indicate whether the Washington offense is substantially similar to Ohio's statutes governing felonious assault or misdemeanor assault.

{¶16}    Accordingly, we look to the underlying facts of Reynolds's offense to determine if it would satisfy the elements of Ohio's felonious-assault statute. As already noted, the court may review a limited portion of the record to determine the similarity of the offenses. Here, the prosecutor's certification, as stipulated by

5

Reynolds, established that he had caused serious and permanent physical harm to the victim after she had rejected his sexual advances.

{¶17} We agree with the state that Reynolds's conduct would constitute felonious assault with a sexual motivation under Ohio law. Reynolds acted at least knowingly in attempting to force the victim into having sexual intercourse and in biting off a portion of her ear when she would not submit. In any event, his conduct far exceeded the recklessness required for Ohio's misdemeanor-assault statute. Thus, the trial court did not err in concluding that the Washington conviction constituted a sexually-oriented offense under R.C. 2950.01, and we overrule the first assignment of error.

### Reynolds's Motion to Remove the Classification

{¶18} In his second and final assignment of error, Reynolds argues that the court erred in determining that he was a sexual predator under Ohio law.

{¶19} He first argues that his classification as a sexual predator in Ohio was improper because it imposed more onerous restrictions than his Washington classification. Specifically, he notes that he would be required to register quarterly in Ohio, while under Washington law, he was required to report annually. He also emphasizes that, in Washington, he would have had the ability to petition the court to remove his registration requirements after 15 years. Although we acknowledge these distinctions, the similarities in the reporting requirements—and most significantly the indefinite terms of reporting—outweighed their differences. Thus, we hold that Reynolds failed to prove by clear and convincing evidence that the registration requirements in the two states were not substantially similar under former R.C. 2950.09(F)(2). *See Pasqua,* 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601*, at ¶ 21; *Logue v. Leis,* 169 Ohio App.3d 356, 2006-Ohio-5597, 862 N.E.2d 900 (1st Dist.).

{¶20}    Finally, Reynolds argues that the trial court failed to conduct a hearing on the issue of whether he was likely to commit future sex offenses. This argument is also without merit. The trial court held a number of hearings during which it heard evidence on the issue of recidivism. A court clinic report indicated that Reynolds was at a low risk to reoffend. But the trial court reasonably concluded that, in light of the egregious nature of the Washington offense as well as Reynolds's own assertion that he suffered from a mental illness, he had failed to meet his burden of demonstrating that he was unlikely to commit a future sex offense. We overrule the second assignment of error.

### Conclusion

{¶21}    We affirm the judgment of the trial court.

Judgment affirmed.

**DINKELACKER** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.