[Cite as *Arias v. State*, 2017-Ohio-8961.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| VICTOR ARIAS, | : | APPEAL NO. C-160661 |
| | | TRIAL NO. SP-1400011 |
| Petitioner-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| STATE OF OHIO, | : | |
| | | |
| Respondent-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 13, 2017

*Ohio Justice and Policy Center* and *David A. Singleton*, for Petitioner-Appellant,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Respondent-Appellee.

**MOCK, Presiding Judge.**

{¶1} On November 17, 2003, in Kansas, petitioner-appellant Victor Arias was convicted of rape, and required to register for life as a sex offender. He subsequently moved to Ohio. The Hamilton County Sheriff designated Arias as a sexual predator under former R.C. Chapter 2950 ("Megan's Law") due to his Kansas lifetime-registration. Arias filed a petition for reclassification under former R.C 2950.09(F). Arias also filed a motion to vacate the sheriff's sexual-predator classification, claiming violations of due process, the separation-of-powers doctrine, and the right to travel. The trial court overruled the motion. Arias has appealed. We affirm the trial court's judgment.

### *Due Process*

{¶2} Arias's first assignment of error alleges that the trial court erred in determining that former R.C. 2950.09 did not violate due process.

{¶3} Pursuant to former R.C. 2950.09(A), an out-of-state sex offender was automatically classified as a sexual predator in Ohio if he had been convicted of a nonexempt sex offense and was required to register for life as a sex offender in the state where he was convicted. The offender may challenge the sexual-predator classification by a petition filed pursuant to the procedures provided under former R.C. 2950.09(F). The trial court may determine that the out-of-state sex offender is not a sexual predator if the offender proves by clear and convincing evidence that the foreign jurisdiction's registration requirement is not "substantially similar" to Ohio's sexual-predator classification under former R.C. Chapter 2950. *Phan v. Leis*, 1st Dist. Hamilton No. C-050842, 2006-Ohio-5898, ¶ 12. If the offense is substantially similar, the offender is afforded a hearing, at which he has the burden to demonstrate by clear and convincing evidence that he is not likely to commit a

sexually-oriented offense in the future. *State v. Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, ¶ 22 (1st Dist.).

{¶4} Arias argues that his "automatic" classification by the sheriff as a sexual predator in Ohio deprived him of "essential liberty interests without due process of law," and that "the availability of a subsequent hearing did nothing to prevent or correct the original deprivation." But Arias is already under a duty imposed by the state of Kansas to register for life as a sex offender. His "automatic" classification as a sexual predator under Ohio law does not change that status. As we pointed out in *Logue v. Leis*, 169 Ohio App.3d 356, 2006-Ohio-5597, 862 N.E.2d 900, ¶ 7 (1st Dist.), "[t]he purpose of an R.C. 2950.09(F)(2) hearing is to determine whether an offender already convicted of a nonexempt offense and already required to register for life as a sexual offender in another state should be exempt from Ohio's lifetime registration and notification requirements." In *Logue*, we applied the due-process test set forth by the United States Supreme Court in *Matthews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), to hold that "due process is not violated when an out-of-state offender, already required to register for life in another state, is required to bear the burden of persuasion on the issue of recidivism when he or she petitions for reclassification under R.C. 2950.09(F)(2)." And we reaffirmed our holding in *Pasqua*, that "due process is met in an R.C. 2950.09(F)(2) hearing when a sex offender has notice and an opportunity to be heard." *Logue* at ¶ 12.

{¶5} Former R.C. 2950.09(F)(2) meets the requirements of due process by affording Arias a reclassification hearing before a judge, with notice and an opportunity to be heard as to whether he should be exempt from Ohio's lifetime registration and notification requirements. The first assignment of error is overruled.

### *Separation of Powers*

{¶6}    Arias's second assignment of error alleges that former R.C. 2950.09(A) violated the separation of powers between the judicial and executive branches of state government.  Arias argues that because the legislature gave the sheriff the initial responsibility under former R.C. 2950.09(A) to determine whether an out-of-state offender was a sexual predator, the statute usurped the judiciary's power to make that determination.  He further argues that providing a hearing under former R.C. 2950.09(F)(2) at which the offender could challenge his classification before a judge did not cure the unconstitutionality of the initial classification by the sheriff.

{¶7}    In *State v. Thompson*, 92 Ohio St.3d 584, 752 N.E.2d 276 (2001), the Ohio Supreme Court stated,

> It is well settled that legislation enjoys a presumption of constitutionality.  *State ex rel. Haylett v. Ohio Bur. Of Workers' Comp.*, 87 Ohio St.3d 325, 328, 720 N.E.2d 901, 904 (1999).  A statute will be given a constitutional interpretation if one is reasonably available.  *State v. Keenan*, 81 Ohio St.3d 133, 150, 689 N.E.2d 929, 946 (1998).  The constitutional presumption remains unless it is proven beyond a reasonable doubt that the legislation is unconstitutional.  *State v. Williams*, 88 Ohio St.3d 513, 521, 728 N.E.2d 342, 352 (2000).

{¶8}    Under former R.C. 2950.09(A), an out-of-state offender was automatically classified as a sexual predator in Ohio if he had been convicted of a nonexempt sex offense and was required to register as a sex offender for life in the state of his conviction.  The sheriff did not make any legal or factual determinations that are exclusively reserved to the judiciary.

4

{¶9}   As we pointed out in *Logue*, former R.C. 2950.09(F)(2) applied only to those offenders who had already been convicted of a nonexempt offense and who were already required to register for life in another jurisdiction, because, presumably, these individuals already had due process afforded to them on the issue of dangerousness. *Logue* at ¶ 9. Because Arias was under an order from a Kansas court to register as a sex offender for life, he was classified as a sexual predator and his duty to register continued when he entered Ohio. Judicial review of the automatic classification is still afforded under the terms of former R.C. 2950.09(F)(2). Arias is entitled to a hearing before a judge in Ohio to determine, after examining the law and facts, whether he should be exempted from Ohio's lifetime registration requirement. We hold that former R.C. 2950.09(A) does not violate the separation-of-powers doctrine. The second assignment of error is overruled.

### Right to Travel

{¶10} Arias's third assignment of error alleges that former R.C. 2950.09 violates his constitutional right to travel because it treats in-state offenders differently than out-of-state offenders by affording in-state offenders a hearing prior to classifying them as sexual predators while automatically classifying out-of-state offenders as sexual predators before they are afforded a hearing.

{¶11} The United States Supreme Court has identified three components of the constitutional right to travel: (1) it protects the right of a citizen of one state to enter and leave another state; (2) it protects the right to be treated as a welcome visitor rather than as a hostile visitor when temporarily in the second state; and (3) it protects the right to be treated like other citizens of a state when the traveler decides to become a permanent resident. *Saenz v. Roe*, 526 U.S. 489, 500, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999).

**{¶12}** Legislation impacting the right to travel is evaluated under a compelling-interest test; therefore, it must be narrowly tailored to serve a compelling government interest. *State v. Burnett*, 93 Ohio St.3d 419, 755 N.E.2d 857 (2001).

**{¶13}** Ohio has a compelling state interest in protecting its citizens from sex offenders. *Logue*, 169 Ohio App.3d 356, 2006-Ohio-5597, 862 N.E.2d 900, at ¶ 10. "An out-of-state offender already convicted of a nonexempt offense and deemed dangerous enough to register for life by a court of competent jurisdiction may very well pose a threat to the safety of Ohio's citizens if he or she moves to this state. The state, therefore, has a substantial interest in protecting the public from such a threat." *Id.*

**{¶14}** Arias argues that he was treated differently than Ohio residents convicted of sex offenses. But Arias was treated the same as similarily-situated offenders moving into Ohio. In addition, former R.C. Chapter 2950 required that Ohio citizens who had committed sex offenses in another state and were required to register for life under that state's laws be automatically classified as sexual predators in Ohio if they returned after July 1, 1997. We hold that former R.C. 2950.09 was narrowly tailored to include those sex offenders deemed most dangerous, including those who, like Arias, were subject to lifetime-reporting requirements in another jurisdiction. The third assignment of error is overruled.

**{¶15}** The judgment of the trial court overruling Arias's motion is affirmed.

Judgment affirmed.

**CUNNINGHAM** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry this date.