Miller, J., concurring in part and dissenting in part.
{¶ 23} I concur in the majority's conclusion that the state proved the fact of conviction. I dissent from the determination that the New York conviction was not substantially equivalent to a violation of a registration-eligible Ohio sexually-oriented offense. I agree with Phipps that he is entitled to a hearing under former *761 R.C. 2950.09(F), and would remand the case for the hearing.
{¶ 24} "Substantially equivalent" does not mean "identical." "Substantially equivalent" means being largely but not wholly alike in signification or import. Lloyd , 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, at ¶ 28. Here, New York Penal Law 130.20 prohibits, as a strict liability offense, sexual intercourse with a person less than 17 years old. Ohio likewise prohibits, as a strict liability offense, an adult engaging in sexual conduct with a nonspouse who the offender knows is under the age of 16, or is reckless in not knowing the other's age. R.C. 2907.04(A). The major distinctions are that New York prohibits sex with 16 year olds, while Ohio does not; Ohio has a marriage exception; and Ohio requires the defendant have a mens rea with respect to the victim's age.
{¶ 25} The Ohio Supreme Court warned against "requir[ing] a court to conclude that an out-of-state conviction is not substantially equivalent to a listed Ohio offense when the out-of-state statute is broader." Lloyd at ¶ 30. Doing so "would prevent Ohio law from reaching some of the offenses identified by the General Assembly only because of idiosyncrasies in the criminal codes of foreign jurisdictions." Id. The two statutes here are substantially equivalent. Both criminalize sex with a teenager regardless of consent.
{¶ 26} While I don't believe that it is necessary to go beyond the statute, doing so under the limited factual review permitted by Lloyd confirms that Phipps's conviction is substantially equivalent to a violation of R.C. 2907.04(A). Phipps was 22 years old when he engaged in sexual conduct with a 15-year-old female at least three times over the course of six weeks. The facts fall under what R.C. 2907.04(A) prohibits. Accordingly, I would hold that Phipps's New York violation is a basis for registration in Ohio.
{¶ 27} Alternatively, New York Penal Law 130.20 is also substantially equivalent to a broader Ohio offense, sexual imposition, in violation of R.C. 2907.06(A)(4). This statute prohibits "sexual contact with another" who isn't one's spouse and who is "less than sixteen years of age, whether or not the offender knows the age of such person."[1] To qualify as a violation, the offender must be at least 18 years old and at least four years older than the victim. The age element in R.C. 2907.06(A)(4) is strict liability. State v. Golden , 5th Dist. Stark No. 2008CA182, 2009-Ohio-1624, 2009 WL 891044, ¶ 49 ; see Dunlap , 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, at ¶ 23 (analyzing similar language in R.C. 2907.05(A)(4) pertaining to an offender's knowledge of a victim's age and holding that the age element was strict liability).
{¶ 28} The majority argues that the "sexual contact" element in the Ohio statute has a mens rea not present for "sexual intercourse," thereby distinguishing it from the New York statute. In Ohio, "sexual contact" involves "any touching of an erogenous zone of another" for the purpose of sexual arousal or gratification. R.C. 2907.01(B). "Sexual conduct," e.g. sexual intercourse, does not occur without "sexual contact." R.C. 2907.01(A) and (B) ; see State v. Johnson , 36 Ohio St.3d 224, 226, 522 N.E.2d 1082 (1988) (the definition of "sexual contact" is lesser than and included in the definition of "sexual conduct"). Consequently, the "purpose" required by "sexual *762 contact" is included in "sexual conduct." The majority's argument that an offender might engage in sexual intercourse without the purpose of sexual gratification is definitionally impossible and implausible. See State v. Stanford , 12th Dist. Butler No. CA2000-12-249, 2001 WL 877306, *2 (Aug. 6, 2001) (where defendant was convicted of felonious assault for beating, chocking, and raping his victim, the assault was done to gratify the defendant's sexual needs or desires). Thus, the conduct proscribed by New York Penal Law 130.20 is encompassed by R.C. 2907.06.
{¶ 29} Both offenses are strict liability concerning the defendant's knowledge of the victim's age. Both are misdemeanors. The New York offense applies when the other person is 16. The Ohio statute does not. The Ohio statute also contains limitations on the age of the defendant not present under the New York law. But the differences are idiosyncratic, and Phipps's conduct was prohibited by both.
{¶ 30} Under former R.C. 2950.09(F), Phipps's offense is "substantially equivalent" to both R.C. 2907.04(A) and R.C. 2907.06(A)(4). The legislature clearly intended that Phipps should register unless he could demonstrate that he is not likely to commit a sexually-oriented offense in the future. See Pasqua , 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, at ¶ 22.
{¶ 31} Accordingly, I would remand for the trial court to conduct a hearing where Phipps would have to prove by clear and convincing evidence that he is not likely to reoffend.

The phrase "whether or not the offender knows the age" subjects the age element of the offense to strict liability. Dunlap at ¶ 18 ; Golden at ¶ 49 ; State v. Ferguson , 10th Dist. Franklin No. 07AP-999, 2008-Ohio-6677, 2008 WL 5265893, ¶ 74-75 (age element in R.C. 2907.02(A)(1)(b) is a strict liability offense).