[Cite as *Wolf v. State*, 2021-Ohio-5.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JOSEPH G. WOLF, | : | APPEAL NO. C-180702 |
| | | TRIAL NO. SP-1700004 |
| Petitioner-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| STATE OF OHIO, | : | |
| Respondent-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  January 6, 2021

*Fox & Scott, PPLC,* and *Bradley Fox*, for Petitioner-Appellant,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Respondent-Appellee.

**CROUSE, Judge.**

{¶1} On August 1, 2007, in Illinois, petitioner-appellant Joseph Wolf pleaded guilty to two counts of aggravated criminal sexual abuse. As a result of the convictions, he was required to register as a sexual offender in Illinois for life. That registration required annual reporting, but no community notification. Wolf was sentenced to prison and supervised probation, during which he completed sex-offender treatment.

{¶2} On August 23, 2017, Wolf moved to Hamilton County, Ohio, and began registering under the move-in default classification of sexual predator under former R.C. Chapter 2950, Ohio's version of Megan's Law.[1] As a sexual predator, Wolf was required to register every 90 days for life and was subject to community notification. On October 3, 2017, he filed a "Petition for Reclassification and Contesting Classification as a Sexual Predator Pursuant to R.C. 2950.09, Pre-AWA," pursuant to former R.C. 2950.09(F). The parties stipulated that the Illinois offenses are substantially similar to an Ohio sexually-oriented offense, and that Wolf had a lifetime duty to register in Illinois.

{¶3} Former R.C. 2950.09(F)(2) provided in part,

The court may enter a determination that the offender * * * is not an adjudicated sexual predator in this state * * * only if the offender * * * proves by clear and convincing evidence that the requirement of the other jurisdiction that the offender * * * register as a sex offender until the offender's * * * death is not substantially similar to a classification as a sexual predator for purposes of this chapter.

---

[1] All statutory references in this opinion are to the provisions of former R.C. Chapter 2950.

{¶4} This court interpreted former R.C. 2950.09(F) in *Logue v. Leis*, 169 Ohio App.3d 356, 2006-Ohio-5597, 862 N.E.2d 900, ¶ 4 (1st Dist.), and *State v. Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, ¶ 22 (1st Dist.). In *Pasqua*, we held that "if the offense is substantially similar, the offender is entitled to a hearing at which he has the burden of demonstrating by clear and convincing evidence that he is not likely to commit a future sexually-oriented offense." *Pasqua* at ¶ 22.

{¶5} Our interpretation of former R.C. 2950.09(F) was adopted by the Courts of Appeals for the Fifth and Eighth Appellate Districts. In *State v. Forsythe*, 2013-Ohio-3301, 996 N.E.2d 996 (5th Dist.), and *State v. McMullen*, 8th Dist. Cuyahoga Nos. 97475 and 97476, 2012-Ohio-2629, those courts followed our decision in *Pasqua* and held that if the trial court finds the out-of-state offense to be substantially similar to an Ohio offense, the offender is entitled to a hearing, where he has the burden to show by clear and convincing evidence that he is not likely to commit a sexually-oriented offense in the future.

{¶6} Upon Wolf's petition, the trial court held a hearing pursuant to *Logue* and *Pasqua*. The court denied Wolf's petition, holding that he had failed to prove by clear and convincing evidence that he was not likely to commit a sexually-oriented offense in the future. Wolf appealed, raising a single assignment of error, which stated, "The trial court erred when it denied appellant's petition to be reclassified as a pre-AWA sexually oriented offender." Oral argument was held in this case on October 16, 2019.

{¶7} In *Lingle v. State*, 10th Dist. Franklin Nos. 17AP-251 and 17AP-252, 2019-Ohio-2928, the Tenth Appellate District held that former R.C. 2950.09(F) did not entitle out-of-state offenders to a recidivism hearing. The Ohio Supreme Court certified a conflict between the Tenth District's decision in *Lingle* and this court's

decision in *Pasqua*, along with the Fifth District's decision following *Pasqua* in *Forsythe*. We stayed the proceedings in this case until the Supreme Court's December 23, 2020 decision in *Lingle v. State*, Slip Opinion No. 2020-Ohio-6788.

{¶8} In *Lingle*, the Supreme Court held that former R.C. 2950.09(F)(2) is unambiguous, and that the trial court must "ascertain what caused the requirement that an out-of-state offender register until death and whether that is substantially similar or is not substantially similar to classification as a sexual predator under former R.C. Chapter 2950." *See Lingle* at ¶ 18-28. The "reason the out-of-state offender must register as a sex offender for life—rather than the specifics of the other state's reporting obligations—is the focus of the trial court's inquiry under former R.C. 2950.09(F)(2)." *Id.* at ¶ 23. "In short, the offender must prove first, the reason for the imposition of the lifetime registration requirement in the other state and second, that the reason for the lifetime registration requirement is not substantially similar to a classification as a sexual predator under former R.C. Chapter 2950." *Id.* at ¶ 28. "Therefore, in making its determination under R.C. 2950.09(F)(2), the trial court is to examine why the out-of-state offender was required to register for life and whether that reason is substantially similar to a classification as a sexual predator in Ohio under former R.C. Chapter 2950." *Id.* at ¶ 31.

{¶9} The trial court in this case held a recidivism hearing pursuant to our opinion in *Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, which was overruled by the Supreme Court in *Lingle*, Slip Opinion No. 2020-Ohio-6788. In *Lingle*, the Supreme Court set forth the determination to be made by the trial court and what the court must consider in making that determination. Therefore, this cause must be remanded to the trial court for a determination under former R.C. 2950.09(F)(2), pursuant to the criteria set forth by the Supreme Court in *Lingle*.

**{¶10}** Solely for the reasons set forth above, Wolf's assignment of error is sustained. The judgment of the trial court is reversed and this cause is remanded.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry this date.