PER CURIAM.
Appellant was convicted and sentenced as an adult after pleading nolo contendere to kidnapping, carjacking, attempted sexual battery and arson. We find no reversible error as to the kidnapping and carjacking counts, but reverse and remand for correction of the sentences for attempted sexual battery and arson, and for correction of the judgment relating to attempted sexual battery.
The trial court orally pronounced appellant guilty of third degree attempted sexual battery and sentenced him accordingly. Third degree attempted sexual battery is without use of force. §§ 794.011(5), 777.04(4)(e), Fla. Stat. (1993). However, the written judgment erroneously indicates that third degree attempted sexual battery is “with great force.” We reverse and remand to the trial court with instructions to correct the written judgment by eliminating the words “with great force” from the attempted sexual battery conviction. See Monroe v. State, 673 So.2d 149,150 (Fla. 1st DCA 1996).
The trial court orally ordered appellant to serve fifteen years probation following his release from prison without indicating to which counts the probationary term applied. The written sentences for all counts included fifteen years probation following incarceration but the order of probation was entered only as to the kidnapping and carjacking charges. We reverse the sentences for attempted sexual battery and arson and remand to the trial court with directions to delete the probationary portion of those sentences since the addition of probation to the jail sentences exceeds the statutory maximum penalties for those offenses. The maximum sentence for third degree attempted sexual battery is five years. § 775.082(3)(d), Fla. Stat. (Supp.1994). Appellant’s written split sentence for third degree attempted sexual battery combining five years in prison with fifteen years probation exceeds the statutory maximum and is therefore illegal. See State v. Holmes, 360 So.2d 380, 383 (Fla.1978). The maximum penalty for second degree arson is fifteen years. § 775.082(3)(c), Fla. Stat. (Supp.1994). Appellant’s arson sentence of ten years imprisonment followed by fifteen years probation also unlawfully exceeds the statutory maximum. See Holmes, 360 So.2d at 383.
We find no reversible error as to appellant’s other points on appeal.
REVERSED AND REMANDED.
GLICKSTEIN, WARNER and GROSS, JJ., concur.