DECISION.
{¶ 1} Defendant-appellant, Sheriff Simon Leis, appeals the trial court's judgment that plaintiff-appellee, John Doe, is not required to register in Ohio as a sexual predator under R.C. Chapter 2950. We affirm the trial court's judgment.
 {¶ 2} The record shows that Doe faced several criminal charges in Florida as the result of an alleged sexual assault on his wife in June 1996. In February 1997, he pleaded no contest to one charge of attempted sexual battery under Florida Stat.794.011(5). Under a plea agreement, the Florida court accepted his plea, but deferred the adjudication of guilt using a procedure recognized by Florida courts.
 {¶ 3} Doe moved to Hamilton County, Ohio, in June 1998. In July 2004, he received a letter from Sheriff Leis's office advising him that he "had been convicted of a sexually oriented offense" and was required to register with the sheriff's office. Doe filed a complaint for a declaratory judgment and for a determination under R.C. 2950.09(F) that he is not a sexual predator or a sexually-oriented offender. The trial court granted judgment in Doe's favor, and Sheriff Leis filed this appeal.
 {¶ 4} In his sole assignment of error, Sheriff Leis contends that the trial court erred in finding that Doe is not subject to the reporting requirements of R.C. 2950.04 as a sexually-oriented offender. He argues that Doe's Florida conviction for attempted sexual battery is substantially equivalent to attempted rape under Ohio law, and therefore that Doe is required to register under R.C. 2950.01(D) and 2950.04(A). This assignment of error is not well taken.
 {¶ 5} R.C. 2950.04(A)(3)(a) imposes a duty to register on a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense in another state, regardless of when that offense was committed, if that person has a duty to register as a sex offender under the law of the other state as a result of the conviction or guilty plea and moves into the state of Ohio after July 1, 1997. State v. Desote, 3rd Dist. Nos. 12-03-05 and 12-03-09, 2003-Ohio-6311, ¶ 10. R.C. 2950.01(D)(1)(f) includes in the definition of a sexually-oriented offense a violation of "any law of another state * * * that is or was substantially equivalent" to an offense the state of Ohio defines as a sexually-oriented offense.
 {¶ 6} We note that we do not consider it significant in our analysis that Doe was not formally convicted, but pleaded no contest and had adjudication withheld as Florida law allows. Even though Florida law states that withheld adjudications are not convictions, the important part of the procedure is the plea. Florida law treats these cases involving withheld adjudications the same as convictions for various purposes, including sex-offender registration. See Florida Stat. 775.21(2)(c) and 943.0435(4)(b); Montgomery v. State (Fla. 2005),897 So.2d 1282, 1283-1285; Cella v. Florida (Fla.App. 2002),832 So.2d 716, 717-719; Donovan v. State (Fla.App. 2000), 773 So.2d 1264,1265.
 {¶ 7} Turning to the heart of Sheriff Leis's argument, the parties do not dispute that an amended Florida statute that went into effect October 1, 1997, required Doe to register as a sex offender. See Florida Stat. 943.0435. The major issue in this case is whether Doe was convicted of an offense substantially equivalent to a sexually-oriented offense in Ohio. See State v.Pasqua, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, ¶ 22.
 {¶ 8} Doe was convicted of attempted sexual battery in Florida. Florida Stat. 794.011(5) is the same now as it was at the time of the offense. It stated that "[a] person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury commits a felony of the second degree[.]" The statute defined "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object[.]" Florida Stat. 794.11(1)(h). Florida courts sometimes refer to this offense as "sexual battery with slight force." See Keffer v.State (Fla.App. 1996), 687 So.2d 256, 257.
 {¶ 9} Specifically, Doe admitted to an amended information, which stated that he "did unlawfully attempt to commit a sexual battery upon [the victim], a person twelve (12) years or older, by attempting to penetrate her vagina or anus with a vibrator or sharp object without the consent of [the victim] and in the process did not use physical force and violence likely to cause serious personal injury, contrary to Section 794.011(5), Florida Statutes."
 {¶ 10} Sheriff Leis conceded below that the Ohio offense of sexual battery under R.C. 2907.03 is not substantially equivalent to the Florida statute. Among other things, it specifically included (and still includes) as an element that the victim is not the spouse of the offender. The Florida statute contains no such requirement and the victim in this case was Doe's spouse.
 {¶ 11} Instead, Sheriff Leis contends that the Florida offense is substantially equivalent to the former offense of attempted felonious sexual penetration under former R.C. 2907.12. Former R.C. 2907.12(A)(2) provided that "[n]o person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vagina or anal cavity of another when the offender purposely compels the other person to submit by force or threat of force." R.C. 2907.12(C), as it read at that time, removed the element requiring that the victim not be the offender's spouse. It specifically stated that "[i]t is not a defense to a charge under (A)(2) of this section that the offender and the victim were married or were cohabiting at the time of the commission of the offense."
 {¶ 12} That statute was repealed on September 3, 1996. After that date, conduct that would formerly have constituted felonious sexual penetration was defined as "sexual conduct" under R.C.2907.01(A) and became prohibited conduct under the rape statute, R.C. 2907.02(A)(2). R.C. 2907.02(A)(2) now provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." R.C. 2907.02(G) also provides that "[i]t is not a defense to a charge under division (A)(2) of this section that the offender and the victim were married or cohabiting at the time of the commission of the offense."
 {¶ 13} The distinction between these statutes and the Florida statute is the requirement of force or threat of force. Current R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." This is the same definition that existed at the time of the offense in June 1996. The Ohio Supreme Court has stated that "[a] defendant purposely compels his victim to submit by force or threat of force when he uses physical force against the victim, or creates the belief that physical force will be used if the victim does not submit." State v. Schaim,65 Ohio St.3d 51, 1992-Ohio-31, 600 N.E.2d 661, paragraph one of the syllabus.
 {¶ 14} Sheriff Leis argues that force can be slight and that it would be impossible to commit any offense involving nonconsensual penetration of a vagina or anus without the use of some amount of force. This interpretation would essentially eliminate the force element and subsume it in the penetration element, when it is obviously separate.
 {¶ 15} Ohio case law is clear that the state must present some evidence of force besides that necessary to complete the act of penetration. This is true even when force is an enhancement and the victim is a child, although the force in that case can be more subtle and psychological. In the case of an adult victim, the type and amount of force presents a more stringent requirement. See Schaim, supra, at 54-55, 1992-Ohio-31,600 N.E.2d 661; State v. Rodriquez, 8th Dist. No. 82265,2003-Ohio-7056, ¶ 22-37; State v. Jackson, 10th Dist. Nos. 02AP-289 and 02AP 298, 2003-Ohio-37, ¶ 121-124; State v. Gray
(June 28, 1995), 1st Dist. No. C-940276.
 {¶ 16} The Florida statute does not require force beyond that necessary to accomplish penetration. A Florida statute, entitled "Legislative findings and intent as to the basic charge of sexual battery," provided in 1996 (and still provides) that "[t]he Legislature finds that the least serious sexual battery offense, which is provided in s. 794.011(5), was intended, and remains intended, to serve as the basic charge of sexual battery * * * and that it was never intended that the sexual battery offense described in s. 794.011(5) require any force or violence beyond the force and violence that is inherent in the accomplishment of `penetration' or `union.'" Florida Stat. 794.005. Florida courts have similarly interpreted Florida Stat. 794.001(5). See Ramanov. State (Fla.App. 1998), 718 So.2d 283, 283; Card v. State
(Fla.App. 1996), 682 So.2d 173, 173.
 {¶ 17} Thus, the Florida statute is not substantially equivalent to Ohio's former felonious-penetration statute or to the current rape statute. Sheriff Leis cites no other Ohio offense that is equivalent to Florida's offense of sexual battery under Florida Stat. 794.011(5), and we can find none. Consequently, Doe has not committed a sexually-oriented offense in Ohio, and R.C. 2950.04 does not require him to register as a sexually-oriented offender. See State v. Taylor,100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, ¶ 9-12. We overrule the sheriff's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., Gorman and Hendon, JJ.