DECISION.
{¶ 1} Is possession of child pornography a "sexually oriented offense" under Ohio law? Perhaps it should be; but it isn't. Because the plain language of the statute does not include that offense, we affirm the trial court's judgment.
 {¶ 2} Plaintiff-appellee Kevin Phan pleaded guilty in Illinois to possession of child pornography. He moved to Ohio, and because of his out-of-state guilty plea, defendants-appellants, Sheriff Simon L. Leis, the Hamilton County Sheriff's Office, and Hamilton County Prosecutor Joseph T. Deters (collectively "Leis"), required that he register as a sexually oriented offender and be classified as a sexual predator. Certain registration, classification, and community-notification requirements apply to those who have committed a sexually oriented offense as defined by the Ohio Revised Code.
 {¶ 3} After Phan moved to Ohio, he was initially classified as a sexually oriented offender — but later reclassified as a sexual predator. The sexual-predator classification triggered lifetime registration, classification, and community-notification requirements.[1] Phan filed suit in the Hamilton County Common Pleas Court, asking the court to declare that under Ohio law he was not required to register in Ohio as a sexually oriented offender, and that the sexual-predator classification be removed.
 {¶ 4} Phan argued that possession of child pornography was not a registrable offense in Ohio. Phan moved for summary judgment, and the court granted judgment in his favor. Leis appeals that judgment, arguing that an evidentiary hearing is required to determine whether Phan's Illinois conviction is substantially similar to a sexually oriented offense in Ohio; and that because that hearing requires a fact-based determination, the trial court erred as a matter of law by granting summary judgment to Phan. But because Phan has neither pleaded guilty to nor been convicted of a sexually oriented offense as defined by the Ohio Revised Code, the trial court was correct.
 I. Irrelevant Charges {¶ 5} Leis recites at length facts alleged in the 15-count Illinois indictment; and these charges, if proved, would likely require that Phan register under the Revised Code. But a further explication of those charges is unnecessary in deciding this case, because Ohio law expressly requires a conviction of or guilty plea to a sexually oriented offense.[2] Mere charges are insufficient — one must be convicted of or plead guilty to the underlying offense. The relevant fact is that Phan pleaded guilty to possession of child pornography in Illinois. We must determine whether possession of child pornography is a sexually oriented offense as defined by R.C. 2950.01(D).
 {¶ 6} Phan pleaded guilty under Illinois law to knowingly possessing film, videotape, a photograph, or some other similar visual reproduction or depiction by computer of any child he knew or reasonably should have known to be under the age of 18 engaging in sexual penetration or conduct.[3] In Illinois, possession of child pornography is a registrable offense.[4]
 {¶ 7} Similarly, Ohio law prohibits a person from knowingly possessing any material that shows a minor participating in sexual activity, masturbation, or bestiality.[5] But in Ohio, the registration requirement and sexual-predator classification extend only to out-of-state offenders who have been convicted of or pleaded guilty to a sexually oriented offense.[6]
 II. A Sexually Oriented Offense — or Not? {¶ 8} In Ohio, out-of-state offenders who have been convicted of or have pleaded guilty to (1) creating, recording, photographing, filming, developing, reproducing, or publishing material that shows a minor participating in sexual activity, masturbation, or bestiality;[7] (2) creating, directing, or producing a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;[8] (3) creating, reproducing, or publishing any obscene material that has a minor as one of its participants or portrayed observers;[9] or (4) creating, directing, or producing an obscene performance that has a minor as one of its participants[10] are subject to the registration, classification, and community-notification requirements because these are among the many offenses defined as sexually oriented offenses by statute.[11]
 {¶ 9} But in Ohio, possession of child pornography is not a registrable offense because it is not a sexually oriented offense under R.C. 2950.01(D). And because Phan has not been convicted of or pleaded guilty in another court to a sexually oriented offense or its equivalent as statutorily defined, he is not subject to the registration requirement in R.C. 2950.04 or the sexual-predator classification in R.C. 2950.09.
 {¶ 10} The legislature has included a variety of offenses that fit within the statutory definition of a sexually oriented offense — people who have created, edited, or produced child pornography have committed a registrable sexually oriented offense. But the legislature has omitted possession of child pornography from the definition of sexually oriented offense, which leads us to believe that the legislature thought `tis eviler to be a creator, director, or producer of child pornography than a mere possessor.
 {¶ 11} We think it commonsensical that possession of child pornography should be a sexually oriented offense, and we are unsure why the legislature has decided to omit that offense from the definition. But it has omitted it, and we cannot expand on the statute — to do so would be judicial legislation.
 III. The Trial Court Got it Right {¶ 12} Thus under the Ohio Revised Code an out-of-state sex offender's conviction or guilty plea must fall within the statutory definition of a sexually oriented offense for the offender to be classified as a sexual predator or to be required to register as a sex offender. When an out-of-state offender challenges his sexual-predator classification or duty to register under the Revised Code, the trial court must first determine whether the conviction or guilty plea in the other state is substantially equivalent to one of the sexually oriented offenses listed in R.C. 2950.01(D).[12] If it is not, the sexual-predator classification or duty to register cannot stand. Possession of child pornography is neither a sexually oriented offense as defined by that statute nor the equivalent of any offense found therein. Consequently, Phan's possession-of-child-pornography guilty plea requires neither that he be registered as a sex offender nor that he be classified as a sexual predator in Ohio. Accordingly we affirm the trial court's grant of summary judgment.
Judgment affirmed.
Hildebrandt, P.J., and Winkler, J., concur.
Winkler, retired, from the First Appellate District, sitting by assignment.
[1] See R.C. Chapter 2950.
[2] See R.C. 2950.04(A)(3) and 2950.09(A).
[3] Ill.Ann.Stat., Chapter 720, Section 5/11-20.1(a)(6).
[4] Ill.Ann.Stat., Chapter 730, Section 150/2 et seq.
[5] R.C. 2907.322(A)(5).
[6] R.C. 2904(A)(3) and 2950.09(A).
[7] R.C. 2907.322(A)(1).
[8] R.C. 2907.322(A)(3).
[9] R.C. 2907.321(A)(1).
[10] R.C. 2907.321(A)(3).
[11] R.C. 2950.01(D)(1)(b)(iii).
[12] See, e.g., State v. Pasqua, 157 Ohio App.3d 427,2004-Ohio-2992, 811 N.E.2d 601, at ¶ 22; Doe v. Leis, 1st Dist. No. C-050591, 2006-Ohio-4507, at ¶ 7.