[Cite as *State v. Collier*, 2014-Ohio-5683.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100906, 101235, and 101272**

**STATE OF OHIO**

PLAINTIFF-APPELLANT,
and CROSS-APPELLEE

vs.

**JONATHAN COLLIER**

DEFENDANT-APPELLEE,
and CROSS-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND CONVICTION VACATED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-03-446549-ZA, CR-08-519132-A and CR-12-564748-A

**BEFORE:** Blackmon, J., Boyle, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

-i-

**ATTORNEYS FOR APPELLANT, CROSS-APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE, CROSS-APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

Paul Kuzmins
Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} This is a consolidated appeal from three (3) separate lower court decisions, presided over by three different judges. The appeal raises the singular question whether an out-of-state sex offender, Jonathan Collier ("Collier"), who relocated to Ohio, was required to register as a sex offender under Ohio R.C. Chapter 2950.[1] Two of the three trial court judges ruled that Collier was not required to register in Ohio, and the third ruled that he was required.

{¶2} Having reviewed the record and pertinent law, we affirm the decisions of the two judges that ruled that Collier was not required to register, and reverse the decision of the third judge that ruled he was required to register. The apposite facts follow.

### Relevant Historical Facts

{¶3} On February 14, 2003, in the state of Illinois, Collier, then 29 years old, pleaded guilty to aggravated criminal sexual abuse, a second-degree felony, for engaging in sexual relationship with a 16-year-old girl. Collier was placed on three years probation and classified as a habitual sexual offender. Under Illinois law, Collier was required to register as a sex offender with the local law enforcement for a period of ten years.

{¶4} Ten months later, Collier relocated to Ohio, but failed to register his address with the Cuyahoga County Sheriff's Department. On December 15, 2003, in Case Number CR-03-446549-ZA, the Cuyahoga County Grand Jury indicted Collier for failure to register. Collier's Illinois conviction formed the basis for the indictment.

{¶5} Collier subsequently pleaded guilty to an amended charge of attempted failure to register, a fourth-degree felony. The trial court sentenced Collier to community control

---

[1] The state of Ohio's and Jonathan Collier's assigned errors are attached in the appendix.

sanctions. Collier did not appeal, but thereafter properly registered his address with the Cuyahoga County Sheriff's Department.

{¶6} Five years later, on November 20, 2008, in Case Number CR-08-519132-A, the grand jury indicted Collier for failure to provide notice of change of address, a second-degree felony, with a furthermore specification that Collier was previously convicted of attempted failure to register. The furthermore specification elevated the instant charge from a second-degree felony to a first- degree felony, and included a mandatory minimum prison sentence of three years. As in Case Number CR-03-446549-ZA, Collier's Illinois conviction formed the basis for the second indictment.

{¶7} On June 26, 2009, pursuant to a plea agreement with the state of Ohio, Collier pleaded guilty to failure to provide notice of change of address. In exchange for Collier's plea, the state of Ohio deleted the furthermore specification. The trial court sentenced Collier to two years in prison.

{¶8} On August 2, 2012, almost four years after the second indictment, on August 2, 2012, the grand jury indicted Collier, in Case Number CR-12-564748-A, on one count each of failure to verify his address and failure to provide notice of change of address. Attached to the indictment were furthermore specifications that Collier was previously convicted of failure to provide notice of change of address. As in Case Numbers CR-03-446549-ZA and CR-08-519132-A, Collier's Illinois conviction formed the basis for the third indictment.

{¶9} On November 07, 2013, Collier pleaded not guilty at his arraignment. On November 20, 2013, Collier filed a motion to dismiss the indictment on the grounds that his Illinois conviction was not substantially equivalent to an Ohio sexual offense, and thus he had no duty to register in Ohio. Simultaneously with that filing, Collier filed similar motions before the

other two judges, citing similar grounds, to dismiss the indictments in Case Numbers CR-03-446549-ZA and CR-08-519132-A.

{¶10} On December 17, 2013, in Case Number CR-12-564748-A, the judge held a hearing on Collier's motion to dismiss the indictment. The following day, the judge granted Collier's motion to dismiss and ordered the state to notify law enforcement that Collier is not a registered sexual offender in Ohio.

{¶11} On March 10, 2014, in Case Number CR-03-446549-ZA, the judge held a hearing on Collier's motion. On April 1, 2014, the judge issued a written decision granting Collier's motion to withdraw his guilty plea and to dismiss the indictment. These two decisions, in Case Numbers CR-03-446549-ZA and CR-12-564748-A, form the basis of the state's appeals. The third judge, in Case Number CR-08-519132-A, denied Collier's motion without a hearing, and this decision forms the basis of Collier's cross-appeal.

## Motion to Dismiss

{¶12} In the state of Ohio's sole assigned error, it argues that the two judges, in Case Numbers CR-03-446549-ZA and CR-12-564748-A, erred when they granted Collier's motions to dismiss the indictments.

{¶13} Crim.R. 48(B) governs a trial court's dismissal of an indictment, and we review it for an abuse of discretion. *State v. Craig*, 8th Dist. Cuyahoga No. 88313, 2008-Ohio-3978. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶14}** We hold, as a matter of law, under the Ohio Supreme Court's pronouncement in *State v. Lloyd*, 132 Ohio St.3d 139, 2012-Ohio-2015, 970 N.E.2d 870, Collier was not required to register.

**Substantial Equivalence Test**

**{¶15}** *Lloyd* provides a two-part analysis to be undertaken by a trial court in determining whether an out-of-state conviction is a sexually oriented offense that triggers a duty to register in Ohio. In the two-part analysis, the state must prove that (1) the defendant was convicted of a sexually oriented offense that is "substantially equivalent" to a sex offense subject to registration requirements in Ohio, and (2) the defendant was under a duty to register in the other jurisdiction at the time he moved to Ohio. *Lloyd*, at ¶ 13 and 46; *State v. McMullen*, 8th Dist. Cuyahoga Nos. 97475 and 97476, 2012-Ohio-2620, ¶ 19.

> "An out-of-state conviction is a sexually oriented offense under Ohio law if it is or was substantially equivalent to any of the Ohio offenses listed in R.C. 2950.01(A)(1) through (10). R.C. 2950.01(A)(11)." *Lloyd* at ¶ 13. Lloyd provided very specific guidelines as to how "substantial equivalence" should be analyzed:

> [I]n order to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, a court must initially look only to the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts disclosed by the record of conviction. If the out-of-state statute defines the offense in such a way that the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, a court may go beyond the statutes and rely on a limited portion of the record in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute. To do so, courts are permitted to consult a limited range of material contained in the record, including charging documents, plea agreements, transcripts of plea colloquies, presentence reports, findings of fact and conclusions of law from a bench trial, jury instructions and verdict forms, or some comparable part of the record.

*Id*. at ¶ 31.

{¶16} In the instant case, it is undisputed that Collier was convicted of the offense of aggravated criminal sexual abuse in the state of Illinois. That offense is defined by Section 72. Ill. Comp. Stat. 5/12-16.(d) as follows:

> An act of sexual conduct with a victim at least 13 years of age but under 17, and the accused was at least five years older than the victim.

{¶17} The state of Ohio argued that the Illinois statute was substantially similar to the Ohio statute for Unlawful Sexual Conduct with a Minor as defined in R.C. 2907.04(A), as follows:

> No person who is eighteen years of age or older shall engage in sexual conduct with another when the offender knows the person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

{¶18} As previously mentioned, one of the three judges issued a written decision outlining its application of the *Lloyd* two-part analysis. That well-reasoned decision states in pertinent part as follows:

> A comparison of the two statutes reveals both similarities and differences. Both statutes prohibit sexual conduct and both define the offender category as a person 18 or older (Illinois uses different terminology in defining this class than Ohio does, but the persons affected are the same). However, R.C. 2907.04(A) prohibits sexual conduct with persons 13 to 15 years old, while the Illinois statute expands this protected class of victims to include 16 year olds. Therefore, it would be unlawful in Illinois for a 21 year old to engage in consensual sexual conduct with a 16 year old (a five year age difference), whereas, the same conduct in Ohio is legal.

Journal Entry, ¶ 16.

{¶19} Immediately, from the excerpt above, a comparison of the elements of these two statutes, it is easily discernable that these two statutes do not align at all and the trial judge properly concluded that the two statutes are not substantially equivalent. Here, based on the difference in the age of the victim element of the respective statutes, Collier would not have been convicted in Ohio for engaging in sexual conduct with a 16 year old.

**{¶20}** The state of Ohio concedes that the age of the victim element set forth in respective statutes is different, but nevertheless argues that difference is not fatal to the duty to register because both statutes prohibit sex with a minor by an offender who is 18 years or older.

**{¶21}** However, in addition to the difference in the age element, the trial judge's written decision, in Case Number CR-03-446549-ZA, pointed out that:

> The two statutes also differ in another significant manner — the mens rea for the offense. In Illinois, the crime of aggravated Criminal Sexual Abuse is a strict liability offense, requiring no proof of mens rea. On the other hand, the Ohio offense of Unlawful Sexual Conduct with a Minor requires proof that the sexual conduct was committed "knowingly" or at a minimum, "recklessly."

Journal Entry, ¶ 17.

**{¶22}** Underscored in the trial judge's well-reasoned decision, as excerpted above, is that the Illinois statute is one of strict liability and require no mens rea, while Ohio's statute requires proof that the conduct was done "knowingly" or at a minimum, "recklessly." Thus, there is a distinct difference between the Illinois and the Ohio statutes regarding not only the age of consent, but also the mens rea.

**{¶23}** Further, after looking at the fact of Collier's Illinois conviction, then making an initial comparison of the elements without looking at any facts disclosed in the record of his conviction, we conclude that it is easily discernible from a comparison of both statutes that the offenses are not substantially similar. Consequently, applying the guidelines of *Lloyd*, because the Illinois offense is not substantially similar to Ohio's offense of Unlawful Sexual Conduct with a Minor, Collier was not required to register as a sexual offender in the state of Ohio.

**{¶24}** As such, we find no abuse of discretion in the decisions of the two judges who granted Collier's motion to dismiss the respective indictments. Accordingly, we overrule the state's sole assigned error.

## Motion to Withdraw Guilty Plea

**{¶25}** In Collier's cross-appeal, he argues that the third trial judge, in Case Number CR-08-519132-A, erred when it denied his motion to withdraw his guilty plea and denied the motion without a hearing. In resolving the state of Ohio's sole assigned error above, we found that the two trial judges properly dismissed the indictments because the Illinois offense was not substantially similar to the Ohio offense of Unlawful Sexual Conduct with a Minor, thus Collier was not required to register as a sexual offender in Ohio.

**{¶26}** Because we concluded that Collier had no duty to register as a sexual offender in Ohio, it must necessarily follow that the third trial judge in Case Number CR-08-519132-A should have granted Collier's motion to withdraw his guilty plea. Accordingly, we sustain Collier's two assigned errors, reverse the third trial judge's decision, and vacate Collier's conviction in Case Number CR-08-519132-A.

**{¶27}** Judgment affirmed in part, reversed in part, and conviction vacated.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR

**Appendix**

Assignments of Error

The state of Ohio in its appeal assigns the following error for our review:

> I. The trial court erred when it dismissed the indictment because the defendant has a duty to register as a sex offender in Ohio.

Collier in his cross-appeal assigns the following errors for our review:

> I. The trial court erred in failing to hold a hearing on Collier's motion to withdraw his guilty plea where Collier is actually innocent of the crime to which he pleaded.

II.   The trial court erred when it denied Mr. Collier's motion to withdraw his guilty plea as Collier's Illinois conviction could not be used to require Collier to register as a sexual oriented offender in Ohio.