[Cite as *Phipps v. State*, 2018-Ohio-720.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KEVIN PHIPPS, | : | APPEAL NO. C-160795 |
| | | TRIAL NO. SP-1400014 |
| Petitioner-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| STATE OF OHIO, | : | |
| Respondent-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed in Part, Reversed in Part, and Cause
                                       Remanded

Date of Judgment Entry on Appeal:  February 28, 2018

*Angela Glaser*, for Petitioner-Appellant,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Respondent-Appellee.

**MOCK, Presiding Judge.**

{¶1} In 2006 in New York, petitioner-appellant Kevin Phipps was convicted of "sexual misconduct," a misdemeanor. He was required to register as a sex offender for life in New York. He subsequently moved to Ohio and was automatically classified by the Hamilton County sheriff as a sexual predator under former R.C. 2950.09.

{¶2} On September 24, 2014, Phipps filed a petition for reclassification under former R.C. 2950.09(F) and for credit for registration under former R.C. 2950.07(E). He also filed a motion to vacate the sheriff's classification. Phipps challenged his classification on various constitutional grounds and on the grounds that the state had not proved the fact of his conviction in New York and that the New York offense of sexual misconduct was not substantially equivalent to an Ohio sexually-oriented offense.

{¶3} Following a hearing, the trial court entered a judgment on September 13, 2016, finding that the state had proved "the fact of conviction in the State of New York." After a second hearing, the trial court entered an order on September 22, 2016, denying Phipps's motion to vacate the classification. The court determined that the New York offense of sexual misconduct was substantially equivalent to the Ohio offense of unlawful sexual conduct with a minor. The September 22, 2016 order also stated that Phipps "had a duty to register as a sexual offender in Ohio" and that his "petition is denied." Phipps has appealed both judgments.

{¶4} Under former R.C. 2950.09(A), an out-of-state sex offender who had been convicted of a nonexempt sex offense and was required to register for life as a sex offender in the state where he was convicted was automatically classified as a sexual predator in Ohio. Former R.C. 2950.09(F) permitted the offender to

challenge the sexual-predator classification. When an out-of-state offender challenged his classification under former R.C. 2950.09(F), the trial court was first required to determine whether the sexually-oriented offense in the other state was substantially equivalent to an Ohio sexually-oriented offense. *State v. Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, ¶ 22 (1st Dist.). If the out-of-state offense was not substantially equivalent to an Ohio sexually-oriented offense, the offender was not required to register in Ohio. *See Phan v. Leis*, 1st Dist. Hamilton No. C-050842, 2006-Ohio-5898; *Doe v. Leis*, 1st Dist. Hamilton No. C-050591, 2006-Ohio-4507. If the court found that the out-of-state offense was substantially equivalent to an Ohio sexually-oriented offense, the trial court could determine that the out-of-state offender was not a sexual predator if the offender proved, by clear and convincing evidence, that the registration requirement of the state where the offender had been convicted was not "substantially similar" to Ohio's sexual-predator classification under former R.C. Chapter 2950. *Logue v. Leis*, 169 Ohio App.3d 356, 2006-Ohio-5597, 862 N.E.2d 900, ¶ 4 (1st Dist.). The offender was entitled to a hearing where he had to show, by clear and convincing evidence, that he was not likely to commit a sexually-oriented offense in the future. *Id.*, citing *Pasqua* at ¶ 22.

{¶5} We first address Phipps's second assignment of error, which alleges that the trial court erred in denying his motion to vacate the classification where the state failed to prove the fact of his conviction. Phipps argues that the state was required to prove his New York conviction with a document that complied with R.C. 2945.75(B)(1) and Crim.R. 32(C). We disagree.

{¶6} The procedures under former R.C. Chapter 2950 were civil in nature. *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998). We hold that former R.C. 2950.07(F) did not require the out-of-state sex offense to be proved in the same way

that the state would have had to prove a prior conviction beyond a reasonable doubt in a criminal case where the prior conviction was an element of a new criminal offense or was required to elevate the level of a crime or enhance a sentence.

{¶7}   State's exhibit 1 is a certified copy of a document from the Supreme Court of the State of New York, County of Kings, showing that on February 6, 2006, Phipps had pled guilty to sexual misconduct in violation of New York Penal Law 130.20-1.  A charge of rape in the third degree was dismissed.  State's exhibit 3 is a certified copy of the certificate of disposition of the indictment, which showed that Phipps had pleaded guilty to, had been convicted of, and had been sentenced for sexual misconduct.  We hold that the trial court did not err in determining that the documents submitted by the state were sufficient to prove the fact of Phipps's New York conviction for sexual misconduct.  The second assignment of error is overruled.

{¶8}   Phipps's first assignment of error alleges that the trial court erred in denying his motion to vacate the sexual-predator classification, because the New York offense of sexual misconduct is not substantially equivalent to the Ohio offense of unlawful sexual conduct with a minor.  Phipps argues that the New York sexual-misconduct statutes and Ohio's unlawful-sexual-conduct-with-a-minor statute are not substantially similar because of the differences in the ages of the offender, the ages of the victims, and the mens rea required for a conviction.  Further, the Ohio offense is a felony, while the New York offense is a misdemeanor.

{¶9}   The section of New York Penal Law 130.20 under which Phipps was convicted provides that "[a] person is guilty of sexual misconduct when * * * [h]e or she engages in sexual intercourse with another person without such person's consent * * *."  Under New York Penal Law 130.05, a person less than 17 years old is deemed incapable of giving consent.  R.C. 2907.04(A), Ohio's unlawful-sexual-conduct-with-a-minor offense states, "No person who is eighteen years of age or older shall engage

4

in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." R.C. 2907.01(A) defines "sexual conduct" as

> vaginal intercourse between a male and female; anal intercourse, fellatio, and, cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

{¶10} In *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, ¶ 31, the Ohio Supreme Court stated,

> [I]n order to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, a court must initially look only to the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts disclosed by the record of conviction. If the out-of-state statute defines the offense in such a way that the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, a court may go beyond the statutes and rely on a limited portion of the record in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute. To do so, Ohio courts are permitted to consult a limited range of material contained in the record, including charging documents, plea agreements, transcripts of the plea colloquies, presentence reports,

findings of fact and conclusions of law from a bench trial, jury instructions and verdict forms, or some comparable part of the record.

{¶11} In *State v. Collier*, 8th Dist. Cuyahoga Nos. 100906, 101235 and 101272, 2014-Ohio-5683, *appeals not accepted*, 143 Ohio St.3d 1405, 2015-Ohio-2747, 34 N.E.3d 133, the Eighth Appellate District held that because the age of consent and mens rea elements of the Illinois aggravated-criminal-sexual-abuse statute were different than those in Ohio's unlawful-sexual-conduct-with-a-minor statute, the statutes were not substantially similar. The Illinois statute prohibited "[a]n act of sexual conduct with a victim at least 13 years of age but under 17, and the accused was at least five years older than the victim." *See* Section 72 Ill.Comp.Stat. 5/12-16.(d); *Collier* at ¶ 16. The *Collier* court pointed out that both statutes prohibit sexual conduct by a person 18 or older, but that Ohio prohibits sexual conduct with persons 13 to 15, while Illinois defined its class of victims to include 16 year olds. The court stated,

> Immediately, from the excerpt above, a comparison of the elements of these two statutes, it is easily discernable that these two statutes do not align at all and the trial judge properly concluded that the two statutes are not substantially equivalent. Here, based on the difference in the age of the victim element of the respective statutes, Collier would not have been convicted in Ohio for engaging in sexual conduct with a 16 year old.

*Collier* at ¶ 19.

{¶12} The Eighth District noted that the statutes also differed in another "significant manner," because "the Illinois statute is one of strict liability and requires no mens rea, while Ohio's statute requires proof that the conduct was done 'knowingly' or at a minimum, 'recklessly.' " *Id.* at ¶ 22. "Thus, there is a distinct

6

difference between the Illinois and the Ohio statutes regarding not only the age of consent, but also the mens rea." *Id.* The court concluded that because the statutes were not substantially equivalent, Collier was not required to register as a sex offender in Ohio.

{¶13} In the instant case, there are significant differences in the New York and Ohio statutes. Ohio's statute applies to persons over 18, while the New York statute does not set an age limit for the perpetrator. Ohio's law prohibits sexual conduct with victims between the ages of 13 and 15, while the New York prohibition extends to victims under the age of 17. Ohio requires that the perpetrator knew the age of the victim or was reckless in that regard, while New York does not require a mens rea. The Ohio offense is a felony, and the New York offense is a misdemeanor.

{¶14} Applying the *Lloyd* test, it is clear that the New York sexual-misconduct statute is not substantially equivalent to Ohio's unlawful-sexual-misconduct-with-a-minor statute. Therefore, Phipps is not required to register as a sex offender in Ohio. *See Doe*, 1st Dist. Hamilton No. C-050591, 2006-Ohio-4507 (holding, prior to *Lloyd*, that the Florida attempted-sexual-battery offense for which Doe had been convicted was not substantially equivalent to Ohio's former offense of attempted felonious sexual penetration or to the current Ohio offense of attempted rape, and thus Doe was not required to register as a sex offender in Ohio because both the former and current Ohio statutes specifically included as an element force or the threat of force, while the Florida statute did not require force beyond that which was necessary for penetration).

{¶15} We point out that even had we held that we could not determine from a comparison of the elements whether the New York sexual-misconduct statute was substantially equivalent to Ohio's unlawful-sexual-conduct-with-a-minor statute, Phipps would not be required to register as a sex offender in Ohio. Under *Lloyd*, if

7

the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, the court may "go beyond the statutes and rely on a limited portion of the record in a narrow class of cases *where the factfinder was required to find all the elements essential to a conviction under the Ohio statute.*" (Emphasis added.) *Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, at ¶ 31. The New York court was not required to find that Phipps knew the age of his victim or was reckless in that regard, an element essential to a conviction under the Ohio statute. Therefore, the statutes are not substantially equivalent, and Phipps is not required to register in Ohio. The first assignment of error is sustained.

{¶16} The dissent argues that R.C. 2907.04(A) prohibits as a "strict liability offense[] an adult engaging in sexual conduct with a nonspouse who the offender *knows* is under the age of 16, or is *reckless* in not knowing the other's age." (Emphasis added.) The statute requires a mens rea of knowing or reckless as to the age of the victim for a conviction. Therefore, it does not impose strict liability.

{¶17} The dissent also argues that New York's sexual-misconduct statute is substantially equivalent to sexual imposition under R.C. 2907.06(A)(4). The state raised this argument in the trial court in its memorandum in opposition to Phipps's motion to vacate his sexual-predator classification. The state apparently abandoned this argument, because the state did not raise it at the hearing on Phipps's motion to vacate the sexual-predator classification—in fact, the prosecutor specifically stated at the hearing that the statute to be considered was R.C. 2907.04—or on appeal, presumably because the state recognized that the statutes are not substantially equivalent.

{¶18} R.C. 2907.06(A)(4) provides that

No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual

8

contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

\* \* \*

The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.

"Sexual contact" is "any touching of an erogenous zone of another, including, without limitation, the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶19} The mens rea of purpose applies to the sexual-contact element of sexual imposition. *See State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, ¶ 23 (holding that "the applicable mens rea of sexual contact, as defined in R.C. 2907.01(B), is purpose"); *State v. Maynard*, 9th Dist. Wayne No. 12CA0026, 2013-Ohio-2796, ¶ 8, 29 (following *Dunlap* and holding that the element of sexual contact in a sexual-imposition violation requires a mens rea of purpose). Sexual contact "requires a specific intent behind the touching—the touching must be intended to achieve sexual arousal or gratification." *Dunlap* at ¶ 25. Sexual imposition under R.C. 2907.06(A)(4) is not a strict liability offense, because the statute requires that the "touching" be for the purpose of sexual arousal or gratification. *Id.* Therefore, the New York statute, which has no mens rea element, is not substantially equivalent to Ohio's sexual-imposition statute.

{¶20} Further, other elements of New York's sexual-misconduct statute do not align with Ohio's sexual-imposition statute. The Ohio statute applies to offenders over the age of 18 and four or more years older than the victim, who must

be 13 years of age or older but less than 16 years old. The New York statute sets no age limit for the offender and has no requirement that the offender be four or more years older than the victim. Further, the Ohio statute applies where the victim is between the ages of 13 and 15, while the New York statute extends to victims under the age of 17. It is clear from a comparison of the elements that the New York offense of sexual misconduct is not substantially equivalent to the Ohio offense of sexual imposition.

{¶21} Phipps's third assignment of error, which alleges that the trial court erred in overruling his petition for reclassification without affording him a hearing on the issue of whether he was likely to commit a sexually-oriented offense in the future, is made moot by our disposition of the first assignment of error. Therefore, we do not address it.

{¶22} We affirm the trial court's determination in its September 13, 2016 judgment that the state had proved the fact of Phipps's New York conviction. We hold that the trial court erred in its substantial-equivalence determination, reverse the court's denial of Phipps's motion to vacate his classification and his petition for reclassification, and remand this cause with instructions to the trial court to enter an order that Phipps is not required to register as a sex offender in Ohio.

Judgment accordingly.

**MYERS, J.,** concurs.
**MILLER, J.,** concurs in part and dissents in part.

**MILLER, J.,** concurring in part and dissenting in part.

{¶23} I concur in the majority's conclusion that the state proved the fact of conviction. I dissent from the determination that the New York conviction was not substantially equivalent to a violation of a registration-eligible Ohio sexually-oriented offense. I agree with Phipps that he is entitled to a hearing under former R.C. 2950.09(F), and would remand the case for the hearing.

10

{¶24} "Substantially equivalent" does not mean "identical." "Substantially equivalent" means being largely but not wholly alike in signification or import. *Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, at ¶ 28. Here, New York Penal Law 130.20 prohibits, as a strict liability offense, sexual intercourse with a person less than 17 years old. Ohio likewise prohibits, as a strict liability offense, an adult engaging in sexual conduct with a nonspouse who the offender knows is under the age of 16, or is reckless in not knowing the other's age. R.C. 2907.04(A). The major distinctions are that New York prohibits sex with 16 year olds, while Ohio does not; Ohio has a marriage exception; and Ohio requires the defendant have a mens rea with respect to the victim's age.

{¶25} The Ohio Supreme Court warned against "requir[ing] a court to conclude that an out-of-state conviction is not substantially equivalent to a listed Ohio offense when the out-of-state statute is broader." *Lloyd* at ¶ 30. Doing so "would prevent Ohio law from reaching some of the offenses identified by the General Assembly only because of idiosyncrasies in the criminal codes of foreign jurisdictions." *Id.* The two statutes here are substantially equivalent. Both criminalize sex with a teenager regardless of consent.

{¶26} While I don't believe that it is necessary to go beyond the statute, doing so under the limited factual review permitted by *Lloyd* confirms that Phipps's convicti0n is substantially equivalent to a violation of R.C. 2907.04(A). Phipps was 22 years old when he engaged in sexual conduct with a 15-year-old female at least three times over the course of six weeks. The facts fall under what R.C. 2907.04(A) prohibits. Accordingly, I would hold that Phipps's New York violation is a basis for registration in Ohio.

{¶27} Alternatively, New York Penal Law 130.20 is also substantially equivalent to a broader Ohio offense, sexual imposition, in violation of R.C. 2907.06(A)(4). This statute prohibits "sexual contact with another" who isn't one's

spouse and who is "less than sixteen years of age, whether or not the offender knows the age of such person."[1] To qualify as a violation, the offender must be at least 18 years old and at least four years older than the victim. The age element in R.C. 2907.06(A)(4) is strict liability. *State v. Golden*, 5th Dist. Stark No. 2008CA182, 2009-Ohio-1624, ¶ 49; *see Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, at ¶ 23 (analyzing similar language in R.C. 2907.05(A)(4) pertaining to an offender's knowledge of a victim's age and holding that the age element was strict liability).

{¶28} The majority argues that the "sexual contact" element in the Ohio statute has a mens rea not present for "sexual intercourse," thereby distinguishing it from the New York statute. In Ohio, "sexual contact" involves "any touching of an erogenous zone of another" for the purpose of sexual arousal or gratification. R.C. 2907.01(B). "Sexual conduct," e.g. sexual intercourse, does not occur without "sexual contact." R.C. 2907.01(A) and (B); *see State v. Johnson*, 36 Ohio St.3d 224, 226, 522 N.E.2d 1082 (1988) (the defintion of "sexual contact" is lesser than and included in the definition of "sexual conduct"). Consequently, the "purpose" required by "sexual contact" is included in "sexual conduct." The majority's argument that an offender might engage in sexual intercourse without the purpose of sexual gratification is definitionally impossible and implausible. *See State v. Stanford*, 12th Dist. Butler No. CA2000-12-249, 2001 WL 877306, *2 (Aug. 6, 2001) (where defendant was convicted of felonious assault for beating, chocking, and raping his victim, the assault was done to gratify the defendant's sexual needs or desires). Thus, the conduct proscribed by New York Penal Law 130.20 is encompassed by R.C. 2907.06.

---

[1] The phrase "whether or not the offender knows the age" subjects the age element of the offense to strict liability. *Dunlap* at ¶ 18; *Golden* at ¶ 49; *State v. Ferguson*, 10th Dist. Franklin No. 07AP-999, 2008-Ohio-6677, ¶ 74-75 (age element in R.C. 2907.02(A)(1)(b) is a strict liability offense).

{¶**29**} Both offenses are strict liability concerning the defendant's knowledge of the victim's age. Both are misdemeanors. The New York offense applies when the other person is 16. The Ohio statute does not. The Ohio statute also contains limitations on the age of the defendant not present under the New York law. But the differences are idiosyncratic, and Phipps's conduct was prohibited by both.

{¶**30**} Under former R.C. 2950.09(F), Phipps's offense is "substaintially equivalent" to both R.C. 2907.04(A) and R.C. 2907.06(A)(4). The legislature clearly intended that Phipps should register unless he could demonstrate that he is not likely to commit a sexually-oriented offense in the future. *See Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, at ¶ 22.

{¶**31**} Accordingly, I would remand for the trial court to conduct a hearing where Phipps would have to prove by clear and convincing evidence that he is not likely to reoffend.

Please note:

The court has recorded its own entry this date.