[Cite as *Hollis v. State*, 2020-Ohio-2924.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                              |     |                                              |
| ---------------------------- | --- | -------------------------------------------- |
| ROBERT HOLLIS, JR.,          | :   | APPEAL NO. C-190195                          |
|                              |     | TRIAL NO. SP-1400008                         |
|   Petitioner-Appellant,      | :   |                                              |
|                              |     |                                              |
|   vs.                        | :   | *O P I N I O N.*                             |
|                              |     |                                              |
| STATE OF OHIO,               | :   |                                              |
|                              |     |                                              |
|   Respondent-Appellee.       | :   |                                              |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 13, 2020

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Petitioner-Appellant,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Respondent-Appellee.

**WINKLER, Judge.**

{¶1} In 2001 in Florida, petitioner-appellant Robert Hollis, Jr., pleaded no contest to and was convicted of lewd or lascivious battery. Hollis was sentenced to six months' incarceration and two years of sex-offender probation. Even though Hollis was classified as a sexually-oriented offender, and not a sexual predator, under Florida law he was required to register as a sex offender for life, because Florida law required all sex offenders to register for life. Hollis subsequently violated his probation and was sentenced to ten years' incarceration.

{¶2} Hollis moved to Ohio in 2014, and he was automatically classified as a sexual predator under Ohio's version of Megan's Law because of his Florida lifetime registration requirement. Hollis filed a motion for reclassification under former R.C. 2950.09(F) and credit for previous registration under former R.C. 2950.07(E). He also moved to vacate the "classification unlawfully imposed by the Hamilton County sheriff." Hollis argued, among other things, that his Florida offense of lewd or lascivious battery was not substantially equivalent to any Ohio offense. The state argued that the Florida offense was substantially equivalent to Ohio's unlawful-sexual-conduct-with-a-minor statute.

{¶3} The trial court determined that Hollis's Florida conviction for lewd or lascivious battery was substantially equivalent to Ohio's unlawful-sexual-conduct-with-a-minor statute, and that his Florida lifetime registration requirement automatically subjected him to lifetime registration in Ohio. Following a hearing, the court found that Hollis had not shown that he was not likely to commit a sex offense in the future. The court overruled Hollis's motions for reclassification and vacation of his sexual-predator classification. Hollis has appealed.

{¶4}  As we explained in *Phipps v. Ohio*, 2018-Ohio-720, 107 N.E.3d 754, ¶ 4 (1st Dist.),

> Under former R.C. 2950.09(A), an out-of-state sex offender who had been convicted of a nonexempt sex offense and was required to register for life as a sex offender in the state where he was convicted was automatically classified as a sexual predator in Ohio. Former R.C. 2950.09(F) permitted the offender to challenge the sexual-predator classification. When an out-of-state offender challenged his classification under former R.C. 2950.09(F), the trial court was first required to determine whether the sexually-oriented offense in the other state was substantially equivalent to an Ohio sexually-oriented offense. *State v. Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992, 811 N.E.2d 601, ¶ 22 (1st Dist.). If the out-of-state offense was not substantially equivalent to an Ohio sexually-oriented offense, the offender was not required to register in Ohio. *See Phan v. Leis*, 1st Dist. Hamilton No. C-050842, 2006-Ohio-5898; *Doe v. Leis*, 1st Dist. Hamilton No. C-050591, 2006-Ohio-4507.

{¶5}  Hollis's first assignment of error alleges that the trial court erred in overruling his "motions for reclassification and vacation of his sexual predator classification where the threshold question of 'substantial equivalence' was not properly analyzed." Hollis argues that a comparison of the statutory elements reveals that the Florida offense of lewd or lascivious battery is not substantially equivalent to Ohio's offense of unlawful sexual conduct with a minor, and that the trial court improperly went beyond the statutory elements in making its substantial-equivalence determination, because this case did not fall within the narrow class of cases permitting consideration of the facts of the offense. Hollis specifically argues

that the Florida lewd-or-lascivious-battery statute and Ohio's unlawful-sexual-conduct-with-a-minor statute are not substantially similar because of the differences in the ages of the offenders, the ages of the victims, and the mens rea required for a conviction.

{¶6} Hollis was convicted in Florida of lewd or lascivious battery under Fla.Stat.Ann. 800.04(4) for engaging in sexual activity with a "person 12 years of age or older but less than 16 years of age" or (b) encouraging, forcing, or enticing a person under the age of 16 to engage in acts "involving sexual activity." It is not entirely clear from the Florida record which subsection of the Florida statute Hollis pled under, but in the hearing before the trial court in this case Hollis stipulated that he had engaged in sexual activity with a child older than 12 years of age but less than 16 years of age. The Florida statute is a strict-liability statute with regard to the age of the victim. Fla.Stat.Ann. 800.04(3) states, "Ignorance or belief of victim's age.— The perpetrator's ignorance of the victim's age, the victim's misrepresentation of his or her age, or the perpetrator's bona fide belief of the victim's age cannot be raised as a defense in a prosecution under this section." R.C. 2907.04(A), Ohio's unlawful-sexual-conduct-with-a-minor statute states, "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

{¶7} In *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, ¶ 31, the Ohio Supreme Court stated,

> [I]n order to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, a court must initially look only to the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts disclosed by

4

the record of conviction. If the out-of-state statute defines the offense in such a way that the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, a court may go beyond the statutes and rely on a limited portion of the record in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute. To do so, Ohio courts are permitted to consult a limited range of material contained in the record, including charging documents, plea agreements, transcripts of the plea colloquies, presentence reports, findings of fact and conclusions of law from a bench trial, jury instructions and verdict forms, or some comparable part of the record.

{¶8} We applied the *Lloyd* test in *Phipps*, 2018-Ohio-720, 107 N.E.3d 754, in holding that the New York offense of sexual misconduct was not substantially equivalent to the Ohio offense of unlawful sexual conduct with a minor, and therefore, Phipps, who had moved to Ohio from New York, did not have to register as a sex offender in Ohio. In 2006, Phipps had been convicted in New York of "sexual misconduct." Because of his conviction, Phipps was required to register as a sex offender in New York. He moved to Ohio and was automatically classified by the Hamilton County sheriff as a sexual predator. In determining that the New York offense of sexual misconduct was not substantially equivalent to the Ohio offense of unlawful sexual conduct with a minor, we noted that Ohio's statute applied to persons over the age of 18, while the New York statute did not set an age limit for the perpetrator; Ohio's law prohibited sexual conduct with victims between 13 and 15 years of age, while New York extended the statute to victims under 17; Ohio required that the perpetrator knew the age of his victim or was reckless in that regard, while New York did not require a mens rea; and the Ohio offense was a felony, while the

New York offense was a misdemeanor. We also pointed out that even had we been unable to determine from a comparison of the statutes whether the offenses were substantially equivalent, under *Lloyd* Phipps would not have been required to register in Ohio because, going beyond the statutes and relying on a limited portion of the record, the New York factfinder was not required to find that Phipps knew the age of his victim or was reckless in that regard, which was an essential element for a conviction under the Ohio statute. *Id.* at ¶ 13-15.

{¶9} In deciding *Phipps*, we relied on *State v. Collier*, 8th Dist. Cuyahoga Nos. 100906, 101235 and 101272, 2014-Ohio-5683, *appeals not accepted*, 143 Ohio St.3d 1405, 2015-Ohio-2747, 34 N.E.3d 133, in which the Eighth Appellate District held that because the age of consent and mens rea elements of the Illinois aggravated-criminal-sexual-abuse statute were different than those in Ohio's unlawful-sexual-conduct-with-a-minor statute, the statutes were not substantially similar. The Illinois statue prohibited "[a]n act of sexual conduct with a victim at least 13 years of age but under 17, and the accused was at least five years older than the victim." *See* Section 72 Ill.Comp.Stat. 5/12-16.(d); *Collier* at ¶ 16. The *Collier* court pointed out that both statutes prohibit sexual conduct by a person 18 or older, but that Ohio prohibits sexual conduct with persons 13 to 15, while Illinois defined its class of victims to include 16 year olds. The court stated,

> Immediately, from the excerpt above, a comparison of the elements of these two statutes, it is easily discernable that these two statutes do not align at all and the trial judge properly concluded that the two statutes are not substantially equivalent. Here, based on the difference in the age of the victim element of the respective statutes, Collier would not have been convicted in Ohio for engaging in sexual conduct with a 16 year old.

6

*Collier* at ¶ 19.

{¶10} The Eighth District noted that the statutes also differed in another "significant manner," because "the Illinois statute is one of strict liability and requires no mens rea, while Ohio's statute requires proof that the conduct was done 'knowingly' or at a minimum, 'recklessly.' " *Id.* at ¶ 22. "Thus, there is a distinct difference between the Illinois and the Ohio statutes regarding not only the age of consent, but also the mens rea." *Id.* The court concluded that because the statutes were not substantially equivalent, Collier was not required to register as a sex offender in Ohio.

{¶11} In the instant case, there are significant differences between the Florida and Ohio statutes. Ohio's statute applies to persons over 18, while the Florida statute does not set an age limit for the perpetrator. Ohio's law prohibits sexual conduct with victims between the ages of 13 and 15, while the Florida prohibition extends to 12-year-old victims, and in the case of Fla.Stat.Ann. 800.04(b) to any person under 16. Ohio requires that the perpetrator knew the age of the victim or was reckless in that regard, while Florida does not require a mens rea.

{¶12} Applying the *Lloyd* test as interpreted by this court in *Phipps*, it is clear that the Florida lewd-or-lascivious-battery statute is not substantially similar to Ohio's unlawful-sexual-misconduct-with-a-minor statute. Therefore, Hollis is not required to register as a sex offender in Ohio. *See Phipps*, 2018-Ohio-720, 107 N.E.2d 754, at ¶ 14; *Doe*, 1st Dist. Hamilton No. C-050591, 2006-Ohio-4507 (holding, prior to *Lloyd*, that the Florida attempted-sexual-battery offense for which Doe had been convicted was not substantially equivalent to Ohio's former offense of attempted felonious sexual penetration or to the current Ohio offense of attempted rape, and thus Doe was not required to register as a sex offender in Ohio because both the former and current Ohio statutes specifically included as an element force

or the threat of force, while the Florida statue did not require force beyond that which was necessary for penetration).

{¶13} We point out, as we did in *Phipps*, that even had we been unable to determine from a comparison of the elements whether the Florida lewd-or-lascivious-battery statute was substantially equivalent to Ohio's unlawful-sexual-conduct-with-a-minor statute, Hollis would not be required to register as a sex offender in Ohio. *See Phipps* at ¶ 15. As we stated in *Phipps*,

> Under *Lloyd*, if the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, the court may "go beyond the statutes and rely on a limited portion of the record in a narrow class of cases *where the factfinder was required to find all the elements essential to a conviction under the Ohio statute.*" (Emphasis added.) *Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, at ¶ 31. The New York court was not required to find that Phipps knew the age of his victim or was reckless in that regard, an element essential to a conviction under the Ohio statute. Therefore, the statutes are not substantially equivalent, and Phipps is not required to register in Ohio.

*Id.* Similarly, the Florida court was not required to find that Hollis knew the age of his victim or was reckless in that regard, which is essential to a conviction under the Ohio statute. Therefore, the statutes are not substantially equivalent. Hollis's first assignment of error is sustained.

{¶14} Hollis's second assignment of error, which essentially argues that the trial court erred in overruling his petitions for reclassification and vacation of his sexual-predator classification because Florida's lifetime registration requirement is not substantially similar to Ohio's sexual-predator classification and Hollis proved by

clear and convincing evidence that he was not likely to commit a sexually-oriented offense in the future, is made moot by our disposition of the first assignment of error. Therefore, we do not address it.

{¶15} We hold that the trial court erred in its substantial-equivalence determination, reverse the court's denial of Hollis's motion to vacate his classification and his petition for reclassification, and remand this cause with instructions to the trial court to enter an order that Hollis is not required to register as a sex offender in Ohio.

Judgments reversed and cause remanded.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry this date.